COPY

*Information for the CLERK of Court by Petitioner José Alvarado.*

Dear Clerk, please bring this Writ of Certiorari to the attention for the Court...

IN THE SUPREME COURT OF THE

UNITED STATES

TRIAL CASE NO. 2008-CRS-589-D4

73,133-04

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 13 2015

Abel Acosta, Clerk

JOSÉ ALVARADO, *Petitioner Pro Se,*

VS.

THE STATE OF TEXAS "et all".

"WRIT OF CERTIORARI OF INDIGENT PETITIONER, CORRECTED AND UPDATED".

NO CHANGE OF SUBSTANCE WAS MADE

Writ of Certiorari respectfully Corrected and Updated By: José Alvarado
Petitioner Pro Se
TDCJ#1565198
Ramsey One Unit
1100 FM. 655 Rd
Rosharon, TX. 77583

"ONE TRUE COMMENT OF MANY" I am innocent.

Considering all of evidence now available, trier of fact would have entertained reasonable doubt as to guilt. Arrested in retaliation on: May 14, 2007. In custody sixteen months. Indicted on: September 17, 2008. 42 U.S.C.A. § 1983 violation.

"Fundamental Miscarriage of justice". As the Fifth Circuit Court said: e.g., APP.AP.A.

I send: The original Writ of Certiorari to the Supreme Court at Washington D.C., and one copy for the opposing Counsel, the Court of Criminal Appeals at Austin TX, as requested by the Honorable Supreme Court.

Executed on this the 8th, day of July 2015. wednesday 8th, 2015, Placed in the Mail box.

```
CSINIB02/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        07/08/15
R115/RPA6567                IN-FORMA-PAUPERIS DATA               10:45:18
TDCJ#: 01565198 SID#: 07954820 LOCATION: RAMSEY        INDIGENT DTE: 07/19/12
NAME: ALVARADO,JOSE ZAMARRIPA         BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:         0.00 TOT HOLD AMT:        23.18 3MTH TOT DEP:
6MTH DEP:                     6MTH AVG BAL:              6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS



PROCESS DATE    HOLD AMOUNT    HOLD DESCRIPTION
                               --------------------
                               NO BANKING ACTIVITY
                               WITHIN THE PAST 6
                               MONTH PERIOD.
                               --------------------
STATE OF TEXAS COUNTY OF Brazoria
ON THIS THE 8th DAY OF July    2015  I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____
```



ROSLYN D.
PAIGE
Notary Public, State of Texas
My Commission Expires
4-25-19

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 13 2015

Abel Acosta, Clerk

COPY

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

__JOSÉ ALVARADO-Z.__ — PETITIONER
(Your Name)

VS.

__THE STATE OF TEXAS, "et all".__ — RESPONDENT(S)

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis*.

Please check the appropriate boxes:

☒ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

__UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS, LAREDO DIVISION__

_____

☐ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☐ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: _____

_____, or

☐ a copy of the order of appointment is appended.

_____
(Signature)

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, __JOSE ALVARADO-Z__, am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ Ø | $ N/A | $ Ø | $ N/A |
| Self-employment | $ Ø | $ N/A | $ Ø | $ N/A |
| Income from real property (such as rental income) | $ Ø | $ N/A | $ Ø | $ N/A |
| Interest and dividends | $ Ø | $ N/A | $ Ø | $ N/A |
| Gifts | $ Ø | $ N/A | $ Ø | $ N/A |
| Alimony | $ Ø | $ N/A | $ Ø | $ N/A |
| Child Support | $ Ø | $ N/A | $ Ø | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance) | $ Ø | $ N/A | $ Ø | $ N/A |
| Disability (such as social security, insurance payments) | $ Ø | $ N/A | $ Ø | $ N/A |
| Unemployment payments | $ Ø | $ N/A | $ Ø | $ N/A |
| Public-assistance (such as welfare) | $ Ø | $ N/A | $ Ø | $ N/A |
| Other (specify): N/A | $ Ø | $ N/A | $ Ø | $ N/A |
| **Total monthly income:** | $ Ø | $ N/A | $ Ø | $ N/A |

2

2. List your employment history for the past two years, most recent first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ N/A |
| N/A | N/A | N/A | $ N/A |
| N/A | N/A | N/A | $ N/A |

4. How much cash do you and your spouse have? $ 0
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| N/A | N/A | $ 0 | $ N/A |
| N/A | N/A | $ 0 | $ N/A |
| N/A | N/A | $ 0 | $ N/A |

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

☐ Home
Value N/A 0

☐ Other real estate
Value N/A 0

☐ Motor Vehicle #1
Year, make & model N/A
Value 0

☐ Motor Vehicle #2
Year, make & model N/A
Value 0 N/A

☐ Other assets
Description N/A
Value 0

3

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ 0 | $ N/A |
| N/A | $ 0 | $ N/A |
| N/A | $ 0 | $ N/A |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 0 | $ N/A |
| Are real estate taxes included? ☐ Yes ☒ No | | |
| Is property insurance included? ☐ Yes ☒ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ N/A |
| Home maintenance (repairs and upkeep) | $ 0 | $ N/A |
| Food | $ 0 | $ N/A |
| Clothing | $ 0 | $ N/A |
| Laundry and dry-cleaning | $ 0 | $ N/A |
| Medical and dental expenses | $ 0 | $ N/A |

4

|                                                                                    | You       | Your spouse |
|------------------------------------------------------------------------------------|-----------|-------------|
| Transportation (not including motor vehicle payments)                              | $ 0       | $ N/A       |
| Recreation, entertainment, newspapers, magazines, etc.                             | $ 0       | $ N/A       |

Insurance (not deducted from wages or included in mortgage payments)

|                        | You   | Your spouse |
|------------------------|-------|-------------|
| Homeowner's or renter's | $ 0  | $ N/A       |
| Life                   | $ 0   | $ N/A       |
| Health                 | $ 0   | $ N/A       |
| Motor Vehicle          | $ 0   | $ N/A       |
| Other: N/A             | $ 0   | $ N/A       |

Taxes (not deducted from wages or included in mortgage payments)

|                    | You   | Your spouse |
|--------------------|-------|-------------|
| (specify): N/A     | $ 0   | $ N/A       |

Installment payments

|                     | You   | Your spouse |
|---------------------|-------|-------------|
| Motor Vehicle       | $ 0   | $ N/A       |
| Credit card(s)      | $ 0   | $ N/A       |
| Department store(s) | $ 0   | $ N/A       |
| Other: N/A          | $ 0   | $ N/A       |

|                                                                                          | You   | Your spouse |
|------------------------------------------------------------------------------------------|-------|-------------|
| Alimony, maintenance, and support paid to others                                         | $ 0   | $ N/A       |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0   | $ N/A       |
| Other (specify): N/A                                                                     | $ 0   | $ N/A       |
| **Total monthly expenses:**                                                              | $ 0   | $ N/A       |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes  ☒ No     If yes, describe on an attached sheet. N/A

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?   ☐ Yes  ☒ No

If yes, how much? _Ø_____

If yes, state the attorney's name, address, and telephone number: N/A

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes  ☒ No  I obtained the copies in the Unit Law Library.

If yes, how much? _Ø_____

If yes, state the person's name, address, and telephone number: N/A

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I work hard for my money, TDCJ does not pay monetary wages for my work; I've lost everything since I was unlawfully arrested, and wrongfully convicted, for a crime that I did not commit. I've been "Indigent" for eight years.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _July 8th, 2015_____ , 20 15

_____
(Signature)

6

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

JOSÉ ALVARADO-Z. _____ — PETITIONER
(Your Name)

vs.

THE STATE OF TEXAS "et all". — RESPONDENT(S)

ON PETITION FOR A WRIT OF CERTIORARI TO

THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS LAREDO DIVISION
(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

José Alvarado-Z. TDCJ# 1565198
(Your Name)

Ramsey One Unit, 1100 FM. 655 Rd.
(Address)

Rosharon, Texas 77583
(City, State, Zip Code)

N/A
(Phone Number)

7

## QUESTION(S) PRESENTED

1. ¿ When an "ORDER" for full litigation is given, can it just be ignored by the State and refuse to give me the fair litigation denied at trial? 2. In the interest of justice,¿ Can I obtain a jury trial to prove my innocence on a crime that, I've never admitted, I did testified not commit it? 3. ¿ Where is the trust and protection, when public servants uses threat, coersion, harassment, and extortion, to obtain a restraining order against me? 4. ¿ Is legal for a public servant with malicious intention, without an effective consent, to seize my personal documents without "order" and use them to intentionally destroy innocence, and uses a perjured testimony to obtain a conviction? 5. ¿ A public servant with scheme in mind, can freely send people in his conspiracy to follow me, harass me and clients, stole my money, and when I tried to report his illegal activities, He arrested me in retaliation; In what grounds the arrest was made, no charges, no arrest warrant, no Miranda's Rights being read? 6. ¿ Is under the law, to be basically abducted-incarcerated sixteen months without indictment, nor sworn and signed affidavit shown, as a legal proceeding; Is Article 28.061 and 32.01 of Texas Criminal Procedure "Unconstitutional"? 7. I.C.E. Department officers, refusing to go throug my clean I.N.S. record, the I.C.E. officers placed a hold on me just by officer's laziness and spite,¿ Is that a legal proceeding? 8. ¿ Does the trial court have authority to "abuse its discretion", being aware uses a false, involuntary evidence to obtain a conviction? 9. ¿ Is effective the assistance of counsel when he intentionally chooses not to legally represent me in many ways? 10. ¿ On appeal, appellate counsel refuses to raise, and present the claims as I personally informed and requested to him,¿ Is correct for an appellate counsel to raise his own claims unsucessessfully? ¿ 11.¿ Is this a fair trial? With all its power of this Supreme Court,¿ Please, Can do something to correct this injustice (wrongful conviction), can you??? What is your "opinion" on State's Responses???

8

**LIST OF PARTIES**

[ ] All parties appear in the caption of the case on the cover page.

[X] All parties **do not** appear in the caption of the case on the cover page. A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

TRIAL COURT, 406TH DISTRICT COURT WEBB COUNTY, TEXAS

DIRECT APPEAL, EIGHTH COURT OF APPEALS, EL PASO

ARTICLE 11.07 HABEAS CORPUS, COURT OF CRIMINAL APPEALS, AUSTIN

HABEAS CORPUS §2254, U.S. DISTRICT COURT SOUTHERN TEXAS, LAREDO DIVISION.

9

# TABLE OF CONTENTS

OPINIONS BELOW.................................................................................. 1

JURISDICTION....................................................................................... 3

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED .......................... 4

STATEMENT OF THE CASE ....................................................................... 6

REASONS FOR GRANTING THE WRIT ......................................................... 12

CONCLUSION....................................................................................... 41

# INDEX TO APPENDICES

APPENDIX A   The Fifth Circuit Court's "ORDER" for full and fair litigation, Merits".

APPENDIX B   State trial Court's "Decision". "Conviction".

APPENDIX C   State Court of Criminal Appeals "Denying Review". 11.07 pro se.

APPENDIX D   State Court of Criminal Appeals "MANDATE GRANTING OUT-OF-TIME APPEAL".

APPENDIX E   Eighth Court of Appeals "Affirming case", Direct Appeal".

APPENDIX F   States' Response to Three and FOURTH 11.07 (last) Application "denying review".

## TABLE OF AUTHORITIES CITED
### Cases

PAGE NO.

Barrington v. State, 117 Tex. Crim. 11.32 SW 2d 837 — 26

Benson v. State, 79 SW 2d 122 (1935) — 28

Cordran v. State, 951 SW 2d 178. Case reversed — 23-24

Carter v. State, 398 SW 2d 290 Case I (Tex. Crim. App. 1996) — 26

Carrillo v. State, 962 SW 2d 719 (Tex. App. Houston [14th Dist.] 1998) — 27

Davis v. State, 505 SW 2d 241 (Tex. App. 1999) — 28

Ex parte Alvarado, No. WR-73,133-03 — 13

Ex parte Alvarado, No. WR-73,133-04 — 14

Ex parte Cathcart, 982 SW 2d 430 (Tex. App.-San Antonio 1998) — 25

Ex parte Canedo, 818 SW 2d 814 (Tex. Crim. App. 1991) — 31

Ex parte Lopez, 745 SW 2d 28 (Tex. Crim. App. 1988) — 36

Fairland v. State, 632 SW 2d 621 — 28

Gallegos v. State, 756 SW 2d (Tex. App. San Antonio 1998 pet. ref'd) — 31

Holly v. State, 460 SW 2d 136 (Tex. Crim. App. 1970) — 27

Hernandez v. State, 943 SW 2d 930 (Tex. App.- El Paso 1997, pet granted) — 31

Kimmelman v. Morrison, 477 U.S. 365, 91 L Ed 2d 305, 106 S Ct. 2574 — 33

La porte v. State, 840 SW 2d 412 — 37

Levy v. State, 818 SW 2d 801 — 37

Loche v. Vance, 307 F. Supp 434 — 19

Mooney v. Holohan 294 U.S. 103, 55, Ct. 340, 79 L. Ed. 791 (1935) — 18

Mendiola v. State, 21 SW 3d 282 (Tex. Crim. App. 2000) — 21

McGee v. State, 23 SW 3d 156 (Tex. App.- Houston [14th Dist] 2000, pet. granted — 21

McMann v. Richardson, 397 U.S. 759 (1970) — 29

Milburn v. State, 15 SW 3d 267 — 34

Nguyen v. State, 882 SW 2d 471 (Tex. App.- Houston [1st Dist], 1999, pet. ref'd) — 24

Nix v. State, 882 SW 2d 474 (Tex. App.- Houston [1st Dist.] 1994, pet. ref'd) — 24

Nanes v. State, 558 SW 2d 893 — 25

Purcell v. State, 317 SW 2d 208 case I (Tex. Crim. App. 1959) — 26

Powell v. Alabama, 287 U.S. 45 (1932) — 29

Penson v. Ohio, 488 U.S. 75 — 36

Strickland v. State 466 U.S. 668, 687 (1984) — 39

Skillern v. State, 890 SW 2d 849 — 16

State v. Williams, 938 SW 2d 465 (Tex. Crim. App. 1997) — 26

State v. Shastid, 940 SW 2d 405 (Tex. App.- Fort Worth 1997) — 26

State v. Zavala, 17 SW 2d 356 (Tex. App.- Corpus Christy 2000, pet. ref'd) — 28

State v. Barron, 760 SW 2d 763 — 28

Strickland v. Washington, 466 U.S. 668 (1984) — 29

ii

## TABLE OF AUTHORITIES CITED
### Cases

| | PAGE NO. |
|---|---|
| Stone v. Powell, 428 U.S. 465, 49 L. Ed. 2d 1027, 96 S Ct. 3037 | 32 |
| Tatum v. State, 505 SW 2d 548 | 23 |
| Turner v. State, 755 SW 2d 207 (Tex. App.-Houston [14th Dist.] 1998) | 31 |
| U.S. v. Reyes-Maya, 305, F.3d 362 | 19 |
| Williams v. Taylor, 529 U.S. 362 (2000) | 36 |
| Willis v. State, 867 SW 2d 852 (App. [14th Dist.] 1983) | 36 |

### STATUTES AND RULES

| | PAGE NO. |
|---|---|
| 42 U.S.C.A. §1983 "Due Process Clause" violation | 21, 25, 26 |
| Vernon's Ann. Texas §10,002 "Malicious Intentionally" | 17 |
| Vernon's Ann. Texas P.C. art. 466(a) | 19 |
| Texas Criminal Rule 4(C)(3)(A) | 21 |

### CONSTITUTIONAL AMENDMENTS

| | PAGE NO. |
|---|---|
| U.S. CONST. AMEND. FOURTH | 29, 16, 13, 33, 34, 28, 20 |
| U.S. CONST. AMEND. FIFTH | 21 |
| U.S. CONST. AMEND. SIXTH | 29 |
| U.S. CONST. AMEND. FOURTEENTH | 20, 29 |
| Texas Constitution art. 1 §10 | 23 |

### CODES AND ARTICLES

| | PAGE NO. |
|---|---|
| Texas Penal CODE § 15.02(a) | 19 |
| Texas Penal CODE § 15.02 Note 5 | 20 |
| Texas Penal CODE § 28.03(a) | 19 |
| Texas Penal CODE § 31.01 Note 4 | 16 |
| Texas Penal CODE § 34.02(a) | 20 |
| Texas Penal CODE § 39.02 | 16 |
| Health and Safety CODE 614,021 | 38 |
| Gov. CODE. Comp. Public act. 403.074 | 38 |
| Texas Gov. CODE. Charp 103 §103,001, 103,054 | 38 |
| 11B.166 "Wrongful Conviction" | 38 |

CODES AND ARTICLE | PAGE NO.

Texas Criminal Procedure Article 2.03. ______ 26
Texas Criminal Procedure Article 3.04. ______ 16.18
Texas Criminal Procedure Article 13.3. ______ 19
Texas Criminal Procedure Article 14.06. ______ 22
Texas Criminal Procedure Article 21.3. ______ 19
Texas Criminal Procedure Article 15.13 Section 14. ______ 22
Texas Criminal Procedure Article 15.17. ______ 22
Texas Criminal Procedure Article 28.061. ______ 13.23.24.31
Texas Criminal Procedure Article 32.01. ______ 13.31.23.24.26
Texas Criminal Procedure Article 42.038. ______ 39

## IN THE

## SUPREME COURT OF THE UNITED STATES

## PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

## OPINIONS BELOW

[ ] For cases from **federal courts**:

The opinion of the United States court of appeals appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the United States district court appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

[X] For cases from **state courts**:

The opinion of the highest state court to review the merits appears at Appendix __A__ to the petition and is

[X] reported at CIVIL ACTION NO. 5:12-CV-155 _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the Court of Criminal Appeals "Denying Review" court
appears at Appendix __C__ to the petition and is
[X] reported at Ex parte Alvarado NO. WR-73,133-04 _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

1.

On August 18th, 2014, The United States District Court Southern District of Texas Laredo Division, filed a Memorandum and ORDER, CIVIL ACTION NO.5:12-CV-155. e.g., APP. A., In which is 'ORDERED, an "opportunity for full litigation" in this words. Exceptions apply in Alvarado's procedural default. P. 3, line 21. The Fifth Circuit Court has interpreted an "opportunity for full and fair litigation" to mean an opportunity to contest the unlawful search and seizure." P.3, line 4-6., "The legality of his arrest." P. 3, line 8., "And his detention claim". P. 3, line 21., "Court's failure to review his claims thereto, will result in a Fundamental Miscarriage of Justice". P. 4, line 1-2. On March 17th, 2015 The State filed a Response to an Application 11.07 pro se Habeas corpus; The State ignored an "ORDER" in question, stating that "The Court has denied the relief requested by Applicant in previous applications, and this application is nothing more." Conclusion on Response. See e.g., APP. F. On June 10, 2015. The Court of Criminal Appeals refused to review those claims stated above, ignoring the "ORDER", and dismissed without written order the application habeas corpus 11.07 pro se as a remedy to collect my State and Federal rights. Ex parte Alvarado, No.WR-73,133-04. That requires immediate determination in this Honorable Supreme Court to justify misapplication of stated rules, and orders of law, and deviation from normal practice that resulted in a "fundamental Miscarriage of Justice". As stated in Memorandum and order. APP. A. By U.S. District Court, SOUTHERN LAREDO DIVISION. e.g."

## JURISDICTION

[ ] For cases from **federal courts**:

The date on which the United States Court of Appeals decided my case was _____.

[ ] No petition for rehearing was timely filed in my case.

[ ] A timely petition for rehearing was denied by the United States Court of Appeals on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).

[X] For cases from **state courts**:

The date on which the highest state court decided my case was ~~August 10, 2017~~ June 10, 2015. A copy of that decision appears at Appendix ___C__.

[ ] A timely petition for rehearing was thereafter denied on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

3

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

28 U.S.C.A § 2254 (b)(1)(A), V.T.C.A. Penal CODE § 8.07 "Fundamental Miscarriage of Justice". APP. A.

U.S FOURTH AMENDMENT "Unlawful Arrest claim: Search and Seizure claim. 42 USCA § 1983. APP. A.

U.S FOURTH AND FOURTEENTH AMENDMENT." Detention claim". APP. A. 42.U.S.C.A § 1983. APP. A.

U.S FOURTH AND FOURTEENTH AMENDMENT., Unlawful Arrest claim. 42. U.S.C.A. § 1983. APP. A.

U.S. CONST. AMEND 14th FOURTEENTH., "Equal protection" APP.B Due Process Clause". U.S. CONST AMEND 5th APP. B

28 U.S.C.A. § 2254 "Failure of Consideration". Considering all of evidence now available, trier of fact would have entertained reasonable doubt as to guilt "Writ of Certiorari." and APP. B., and APP. F.

42. U.S.C.A § 1983 (Deprivation of Constitutional or Statutory rights) "full and fair litigated. denied APP. F. And APP. C., And B.

"Malicious Prosecution". 42. U.S.C.A. § 1983. APP. B knowing Intentionally

DEFAULT JUDGMENT UNDER RULE 55 (b)
RULE 55 (b) of Rules of Civil Procedure. Default Judgment. e.g., APP. C., APP. F.

4

## STATEMENT OF THE CASE

I am illegally restrained of my liberty in TDCJ Correctional Institutions Division pursuant to an investigator's perjured testimony, violation of due process of law, misaplication of stated rules of law, violation of the U.S. Constitution, unfair and wrongful judgment of the 406th District Court Webb County. Laredo Texas.

In the City of Laredo Texas, where kidnappings happen often, my wife and children were taken away by force by a woman who never identified herself. Later, my wife informed me that, "public servants coerced, and extortioned her to file a restraining order against me", (public servants paid our house rent in exchange) If she did not file the restraining order, our children will be taken away. After public servants paid our house rent, my family were dropped off. On April 19, 2007, A police detective, Mr. Carlos Villarreal, without my effective consent, and without a search warrant, unlawfully seized my personal documents from my wife, (driver's license and Social Security card), with malicious intention to destroy my innocence, the investigator told my wife to tell me, "If I want my ID. back, I would have to go to his office". I went to his office, and he want me to confess to a crime that I did not commit, (hearsay statement) and I said, "No". The hearsay never really happened, I never accepted it, I never voluntarily confessed, the evidence presented at trial was false, and involuntarily made in a deal-trade (evidence in exchange deal, for my Driver's license), with my pourpose to be able to cash my IRS check to support my family. The statement I invented, was different of the supposed victim's testimony, she invented that "We all sleep in one same bed," which is lie, she had her own room, and her own bed. She visited me at jail, and informed me that she explained that, "it was not true, but public servants forced her to sustain a lie, as true. The false hearsay was made as she

5

informed me that, while my stepdaughter was playing at school with her friends to see who dares to "kiss a boy", "hug him" or do "coarse things with boys". To beat her school friends, my stepdaughter invented, laughing that "I touched her private parts". One of her friends tell her mom, her mom believed it wasn't true, she went to the school and the teacher called the police. The first and second outcry witness did not testify, being aware that it may be true, or lie; they refused to testify. The true and only witness on this case is "my wife", she was willing to testify been in the list of witnesses, my wife was excluded; trial counsel refused to call her to the stand. Investigator Carlos Villarreal, being aware of the truth about the false hearsay statement that was declared "untrue", his malicious goal was to obtain from me a false statement while I was drunk, in exchange for my personal documents that he unlawfully obtained. I was not under oath, and because I need my ID, to cash a check to support my family, I invented a false statement; I recovered my ID, with investigator's promise of "stop bothering me and my clients", for me to be able to go back to work, and if I did not, I would continue to have trouble. He did gave me back my ID, but he kept my SSN card (identity theft). The trial court asked him if, "He gave me back my ID. and if a deal-trade was true", He denied to be true. After I recovered my ID, I cashed my IRS check, the investigator's people in his conspiracy continued harassing me. (He lied in his promise to stop bothering me, because he's not a man of his word) I complained to him and the investigator blinded from rage, gave an order to the people in his conspiracy; I personally hear that he said in this words, "Follow him anywhere he goes and take away his money, now it's going to be done my way !!!" These men, broke into my hotel room door, and stole my IRS money $2,500 dlls., the only money that I had to support my family, because investigator and his people bothered my clients, they were scared, and refused to give me work; I confronted investigator Villarreal because he never stopped the harassments as he promised to me.

On May 14th, 2007., I asked the investigator if "he have anything against me?" And he reply, "No." Then I told him, "please stop your people's harassments or I will go to the police department to report your illegal activities". The investigator, in retaliation unlawfully arrested me without arrest warrant(when requested)(never issued in the record) and witout my Miranda's rights being read. Never before convicted, after one month of the unlawful arrest, the I.C.E.(I.N.S.) Department officers, refused to check or go through my clean I.N.S. record, the I.C.E. officers just placed a hold on me with no reason, by officers laziness and spite; I was unlawfully detained since May 14, 2007., until September 16, 2008., sixteen months in custody, no sworn signed complaints against me were ever made, nither indictment or information was presented, with $100,000 dls bond never reduced(I never waived my rights, I informed to my counsel, but he chooses not to represent me legally)., On September 17, 2008, I received a late indictment made by the police department, without the complainant, or victim's consent, also with an impossible date of the commission of the false offense, also without time and place in the indictment; The State raised three different offense dates in only one false offense; First: On jail record, "April 10, 2007. Second: On Court record, "May 15, 2007., but I was arrested on May the 14th, 2007., Third: On indictment, "impossible date" on or about April 1, 2007". The reason to sign a late inexplicable indictment, never was made clear to me. My first time before a judge and counsel was, "seventeen months after my arest; I didn't know what was stated in such indictment because I didn't understand or speak the English language., through trial counsel, I requested a professional translator for an explanation; the translator was denied by the court since the beginning as I requested, and given only on the final stage; the translator worked in an unprofessional manner; he just stared to the one who was talking, then to the other, but did not translated whatever they were arguing about; I not even knew when the court convicted me, nor the reasons. I explained

7

the facts to the appointed counsel as I explain in here, trial counsel refused to disclose true facts that entitled me for release before trial; His true "strategy" was to convict me when he refused to call my only witness to the stand willing to testify on my behalf about, my character, victims character, threats; my counsel intentionally presented me as guilty, protecting himself, beforehand, he offered an offer of two years, and tried to force me to accept it to be free, but as guilty; I refused his offer, then he threatened me saying that, "If I did not accept his offer, he will get me 20 years in prison"; I can see his anger when again I refused his offer because I wanted a jury trial but, trial counsel advised me to refuse my jury trial and let the court convict me, so he can be able to file an appeal, for me to be able to replace that ineffective counsel, Mr. Arturo Gallegos "(counsel)" told me that he was not competent to beat the State[1], and that, "I was going to be guilty" because state officers have decided to make me guilty, even if I am not, they will make me, but he also said that, "If I had money, or if I work for a cartel "Lord", give him a name, then he would make a deal with D.A.'s, for me to be free in that moment because, "cartel "Lord" and D.A.'s know each other"; I also refused that offer because I am not a gang member and I don't know any cartel "Lord". To replace the ineffective counsel, I raised my hand for me to be able to speak with the judge, because I was not allowed to speak, but the judge do not allowed me to speak with him., Been no other way, I had to agree with counsel's misadvice, refusing my jury trial, and let the court convict me, for a crime that I did not commit, so he can be able to file an appeal; His promise was made before and after the conviction; Counsel failed, he never file the appeal, and abandoned me.

---

[1] I informed counsel that I was unlawfully arrested, and that I was in custody for sixteen months without Indictment or Information presented., Appointed counsel chooses not to timely nor ever request in a Motion to dismiss the case pursuant to a violation of the U.S. FOURTH Amendment, and or Motion to quash indictment pursuant to violation of article 28.061 and 32.01 of Tex. Crim. Proc. being aware "Malicious Intentionally" Basically to protect myself (R.6: 7, 23-25).

The invented false evidence, was admitted at trial, by use of a perjured testimony, Mr. Carlos Villareal (investigator), being under oath lied in court, about the deal-trade we made (an involuntary confession in exchange for my driver's license), knowingly intentionally, he destroyed my innocence, separateing me by force from my family, destroying one as well; my family were threatened by public servants in case they testify, the truth of the story on the case, "they would have trouble." When I testify some of the true story, the court ignored it, abusing its discretion, in result, the trial court knowingly, in a plea of not guilty, with false witnesses called to the stand![1] On January 28, 2009, in a bench trial, the court unfairily found me guilty, and sentenced me to eleven years in prison for a crime that I sustain, not commit. (This can be proven in a new, and jury fair trial). I was given 625 days of credit. Arturo Gallegos, SBOT NO. 240 27384, unfairily represented me at trial, he lied never file a notice of appeal as he promised. On August 25, 2009, I filed an Application for Writ of Habeas Corpus under article 11.07 pro se as a remedy, but because of my lack understanding of the English languag eand the law, I did not file a Memorandum of Law, the state errased the application (supposedly) by mistake, accepting the errors, "the State did not filed a Response to the Application", the State transmitted one copy to the Court of Criminal Appeals; In the context of ineffective assistance of counsel, The Court of Criminal Appeals GRANTED an out-of-time appeal, and because, an order was made to be answered in 180 days by trial court; Ignoring an order, the trial court failed to answer all issues in 180 days. An out-of-time appeal was "GRANTED" on July 12, 2010, Ex parte Alvarado No. WR-73,133-01. On appeal, I personally informed appellate counsel of all violations and procedural default; Appellate counsel unsuccessfully raised his own claims and made his own appeal, but not as I instructed, and requested to him. In an unpublished opinion, the Eighth Court of Appeals

[1] The witnesses called to testify by state did not know, nor see anything, "they affirmed it was true."

affirmed the conviction. Relief was denied on January 18, 2012. Appeal NO. 08-10-211 CR. Charles D. Wise SBOT NO. 24044299, unfairily represented me on appeal. I did not filed a Petition for Discretionary Review (P.D.R.) because of my lack understanding of the English language and the law. On June 4, 2012. I filed a second application for a writ of habeas corpus under article 11.07 pro se, as a remedy; I don't know how, I did not filed a Memorandum of law, the State filed a Response denying their errors (procedural default) requesting to dismiss the application. The Court of Criminal Appeals refused to review my claims, and the Application was dismissed without a written order. Relief was denied on September 6, 2012. Exparte Alvarado NO. WR.-73, 133-02. On September 14, 2012. I filed a petition for a Writ of Habeas Corpus by a person in State custody §2254 pro se, (by lack understanding of the law, and of the English language, and a misadvice,) I placed new grounds, and did not filed a Memorandum of law stating harm, and requesting relief; For that reason, the U.S. District Court, recomended to dismiss the application, stating that I must exhaust available state procedures." In U.S. District Court's Memorandum and ORDER, the Fifth Circuit Court interpreted an "opportunity for full and fair litigation," an opportunity to contest the unlawful search and seizure, unlawful arrest, and the legality of my detention claim. Relief was denied with prejudice on August 18, 2014. Case NO. 5:12-CV-155. On September 16, 2014. I filed a third Application for Writ of Habeas Corpus under Article 11.07 pro se, as a remedy., struggling I filed a Memorandum of law stating the "ORDER" for full and fair litigation, in the Memorandum., The State filed a Response to the Application accepting their wrongdoing (procedural default) in this words: He did not raise it then, why he should be allowed to raise it now." He never requested a speedy trial before he was tried, has waived the issue and cannot obtain relief." I never waived any issues, trial counsel choses to waive them after I inform him.

The State accepted their misaplication of stated rules of law, and knowing intenti- onally continued with the prosecution, being aware, the State and trial counsel, that I was entitled to be released of custody before the unfair trial start. The state requested that, third subsecuent Application be dismissed because, I did not raised my claims properly, stating that I cannot obtain relief now that Iam sentenced and convicted, and that there is no authority." The main reason of this injustice is because Iam hispanic, I do not speak or read English, the State feel free to violate my rights also and State ignored an "ORDER". The Court of Criminal Appeals ignored the Fifth Circuits opportunity for full and fair litigation given as well, and refused to review my claims or contest, as it was ordered. The Application was dismissed without written order, Ex parte Alvarado NO. WR-73,133-03. Relief was denied on November 19, 2014. On February 24, 2015 finally I filed a Fourth Application for Writ of Habeas Corpus under article 11.07 prose, by advice, sta- ting the Fifth Circuits "ORDER for full and fair litigation" in the Application, and if State denies everything stated in the application, I can prove it all in a new, fair and jury trial." State denies everything stated in the application, ignoring an "ORDER" as well in a States Response to the Application requesting that, the application be dismissed." The Court of Criminal Appeals ignoring the Fifth Circuits "ORDER" as well, refused to review, and refused to contest my claims as it was "ORDERED." The Court dismissed application without written order. Ex parte Alvarado NO. WR-73,133-04. Relief was denied on June 10th, 2015.; That denial is in conflict that, is a decision that requires an immediate determination of this "Fundamental Miscarriage of Justice," that requires a fair and final judgment with the truth and the law, because only for a perjured testimony (unusual punishment), Iam illegally detained, deprived of life liberty, for a crime that I did not commit; this case should be reversed, or retried, to ensure the accuracy of the verdict and the system of justice...

11

**REASONS FOR GRANTING THE PETITION**

I am seeking relief for full and fair litigation denied at trial. The State ignored an order that resulted in a fundamental miscarriage of justice when, the State refused to review and contest my claims where "no jury would have found me guilty in trial with use of a perjured testimony," a clear violation of State and U.S. Constitution on the record, (procedural default). State's erroneous decisions denying review, is in conflict with U.S. District Court's Memorandum and Order, that requires an immediate determination in this Honorable Supreme Court, to correct misapplication of stated rules of law, once and for all, and justify deviation from Due Process of Law. e.g., APP.A.

### INDEX OF CONTENS

| | PAGE NO. |
|---|---|
| REASON # 1. Order For Full And Fair Litigation Ignored By The State. | 13 |
| REASON # 2. Restraining Order Obtained By Extortion And Threats. | 15 |
| REASON # 3. Malicious Unlawful Seizure With Intent To Obtain A False Evidence. | 16 |
| REASON # 4. Conviction Obtained By Use Of Perjured Testimony. | 17 |
| REASON # 5. Conviction Obtained By Use Of Conspiracy. | 18 |
| REASON # 5. A. Conspiracy to Steal. | 19 |
| REASON # 6. Intentionally Unlawful Arrest Obtained In Retaliation. | 20 |
| REASON # 7. Defendant In Custody And No Indictment Presented. | 22 |
| REASON # 7. A. Trial Court Abused Its Discretion. | 24 |
| REASON # 7. B. IN RECORD, NO COMPLAINTS SWORN NOR SIGNED. | 26 |
| REASON # 8. Impossible Date Of The Commission Of The False Offense. | 27 |
| REASON # 9. Unreasonable (I.N.S.) I.C.E. Dept., Placed A Hold On Me. | 28 |
| REASON # 10. Effective Assistance Of Counsel Was Denied At Trial. | |
| REASON # 10. A. Trial Counsel Intentionally Choses Not To File Motion. | 31 |
| REASON # 10. B. Counsel's Self Serving Affidavit. | 32 |
| REASON # 10. C. Trial Court Ignoring Order From Court Of Criminal Appeals. | 34 |
| REASON # 10. D. PREJUDICE. | 35 |
| REASON # 11. Effective Assistance Of Counsel Was Denied On Appeal. | 36 |
| REASON # 11. A. Deficient Performance. | 37 |
| REASON # 11. B. Fear From Life "Statement. | 38 |
| PRAYER. | 39 |
| AFFIANTS DECLARATION. | 40 |

12

**REASON # 1.** <u>An Order For Full And Fair Litigation Ignored By The State</u>

On January 28, 2009. In a plea of "not guilty", a wrongful conviction "entered" pursuant to a perjured testimony was entered against me on (hearsay) false charge of Indecency with a child by contact, which it was not proven with time, place and date, a full and fair trial was denied by an ineffective counsel, knowing intentionally, in violation of the U.S. Constitutions. On August 18, 2014. In U.S. District Court's Memorandum and Order, the Fifth Circuit Court interpreted an "opportunity for full and fair litigation" to mean an opportunity to contest the "Unlawful Search and Seizure, Unlawful Arrest, and the Legality of my Detention claim, stating that "Court's failure to review, will result in a Fundamental Miscarriage of Justice". e.g., APP. A., By this opportunity. On September 16, 2014. I filed a third Application Habeas Corpus 11.07 pro se, as a remedy to correct and defend my State and Federal rights supporting facts in a Memorandum. <u>Ex parte Alvarado</u> NO. WR-73,133-03. On October 6, 2014. The State filed a Response to the Application denying everything stated in the Application ignoring an "ORDER" for full litigation, but accepting their wrongful conviction in their own words "He did not raise it then and not shown cause why he should be allowed to raise it now". State's Response P. 6. And "About the sixteen months in custody, and no indictment presented claim that, I informed to appointed counsel and he choses not to file a Motion to quash the indictment before the prosecution, state argued", "Appellant has not alleged that he ever requested a speedy trial before he was tried, and such has waived the issue and cannot obtain relief". State's Response P. 7. I was not allowed to speak, but I specifically informed counsel that I was arrested in retaliation without "Arrest warrant". He choses not to disclose the facts of violation of the FOURTH Amendment, and violation of article <u>28.061</u> and <u>32.01</u>. State argued in Response, "Simply put, there is no authority for appellant's proposition that Article <u>32.01</u> would entitle him to release after he has not only

13

been indicted, but also convicted." States Response P.9. In States own words agrees that "he is entitled to violate State and Federal rights, for the reason that, I cannot speak in court", State violate their own rules because I am hispanic and do not speak, write and read English, I cannot defend myself; I don't know their rules of law", but they do being aware the State, Appointed counsel and the trial court refused to exercise the U.S. Constitutions, violations that entitled me to be released before I was tried, the State malicious intentionally knowing, continued with the unfair prosecution, with a police investigator giving a false testimony, the court admitted a false invented confession. On November 19, 2014. The Court of Criminal Appeals refused to review and contest my claims, and ignored the Fifth Circuits' "ORDER" as well, and dismissed the application without written order, that resulted in a "Fundamental Miscarriage of Justice." e.g. APP.C. On February 24, 2015. I filed a fourth Application 11.07 pro se, as a remedy to review and contest a wrongful judgment of the 406th District Court Webb County Texas. Ex parte Alvarado No. WR-73,133-04. APP.F. By an advice, I stated the Fifth Circuits' "ORDER" for full and fair litigation in the Application, I also stated in the Application that if the State denies everything under oath; stated in the Application, I can prove it all in a new fair jury trial, not a bench trial as adviced by appointed trial counsel. On March 17, 2015. The State filed a Response to the Application, arguing that "I admitted the false charge," which it is a lie. States Response P.1. APP.E "I never admitted anything", the State refers to a false invented confession admitted at trial by investigators perjured testimony, the evidence was void but ignored by Court's abuse of discretion. State argued in its Response ignoring an "ORDER" that "His arguments have been rejected previously and this application should likewise be refused." States Response P.1. Here, State agrees that, the truth has been rejected; my arguments are true, but it is hard for the state to accepted it and recognize the procedural default. The State denies the truth of my claims stated by me under penalty of perjury in the

application, that the State knowing intentionally denies facts that entitle me to be released immediately from unfair trial, and erroneous decision of the 406th District Court Webb County, Texas. The Court of Criminal Appeals refused to review and contest my claims ignoring an "ORDER" as well; The Court dismissed the Application without a written order. Relief was denied on June 10, 2015., Which is in conflict with the Fifth Circuits "opportunity for full and fair litigation" that requires an immediate determination, and a final Judgment with "ORDER" to reverse the case and dismiss it, or retried to ensure the accuracy of the verdict and the system of justice. For this reason, I respectfully request this Honorable Supreme Court in its authority for a new, fair trial with jury to prove my innocence, destroyed by a perjured testimony. I only need to go back, now that I can defend myself a little with help of a Spanish-English dictionary and God's help to prove with my only defense which is the "TRUTH", and my witness.

## REASON #2. Restraining Order Obtained By Extortion And Threats

My family was taken away by force from school by a woman who never identified herself, Later, by phone call, my wife informed me that "public servants took my family by force because I was under investigation by a untrue hearsay statement. As she explained to those public servants; for that reason, against her will, she had to file a restraining order against me, (even when she explained that the supposed victim, Her daughter was not a truthful child) If she did not file that order, our three children would be taken away. My wife (supposed victim's mother) explained that she has been married with me for six years at that time, time enough to know me very well and judge my true character of a had working men, that makes her believe my innocence, and not to press any charges against me. Despite of this, she was coerced to file a restraining order against me. If she did not, she would have trouble. She informed public servants that she needed money to pay our house rent, the public servants offered to pay our rent in exchange for her to file that

15

order. After she filed that order, public servants paid our house rent, and then my family (wife and three daughters) were dropped off at my house). This is how illegally, public servants obtained a restraining order against me, with extortion my wife was coerced to; also, public servants threatened her in case she testify this truth, and or if she testify on my behalf, our children will be taken away. My wife, being my only true witness, also been in the States witnesses list, she was excluded to testify on the stand. In violation of Article 3.04.(1) of Texas Criminal Procedure stating "Official Misconduct. And violation of Due Process of Law, For this reason, this Writ for Certiorari should be "GRANTED" for relief dismissing false charges. 42. U.S. C.A. § 1983

REASON #3. Unlawful Malicious Seizure With Intent To Obtain A False Evidence.

On June 19, 2007. A police detective, Mr. Carlos Villarreal, with scheme in mind, unlawfully, without a search warrant, seized my personal documents (driver's license and social security card) without my effective consent, from my wife, with malicious intent to obtain a false statement-invented for evidence against me; He said that "If I did not invent or made the statement, I would have a lot of trouble". In violation of TX. Penal CODE § 39.02 and the FOURTH Amendment, which provides that, "The people shall be secure in their persons, houses, papers and possessions formal unreasonable seizure or searches. U.S. CONST. amend. 4th, and 14th. "Appropriation of property is unlawful if it is without the owner's effective consent." In violation of TX. Penal CODE § 31.01 Note 4. Skillern v. State 890 SW 2d 849.

Investigator Villarreal told my wife "If I need my ID. card, I would have to go to his office, and make a deal in exchange." I went to his office, and he want me to confess to a crime I did not commit, I said, "No." On Reporter's Record is the truth. TRANSCRIPTS.

Q. My client brings up is the fact that you had his ID. is that correct?
A. Correct.
Q. How did you get it sir?
A. I obtained it from his wife Mrs. Alvarado. "Clear Violation of the FOURTH Amendment".

16

Q. Were you aware that he had his IRS check and that he needed his ID. to?

A. His wife did make it know to me that he needed it to cash a check (CRG:66,1-15).

Appointed counsel then asked me how the false statement was obtained.

Q. What else did investigator Villarreal tell you about your ID.?

A. for me to fill out some paperwork for him to be able to give me back my ID. If not, he was not going to return it and I need that ID. to be able to cash my check (CRG:4,8-12).

¿ If I cashed my check, and the false statement was made, means that he did gave me back my ID? With those statements in court record, the trial court abused of its discretion admitting a false Evidence at trial. In violation of <u>Vernons Ann. Texas § 10.002</u> "Willful and Malicious Prosecution". For this reason, this petition for Certiorari should be "GRANTED", Court's trial order reversed and dismissed.

## REASON #4. <u>Conviction Obtained By Use Of Perjured Testimony</u>

Being under oath, Investigator Villarreal lied before the court, knowingly intentionally, he destroyed my innocence, and one family as well, with his false testimony when the court asked him "If he made a deal-trade (drivers license in exchange for the confession) He lied. Trial counsel asked him "Q. Did you make any promises to my client? If you confess, I'll leave you alone, If you confess, I'll give you your ID. card? Did you gave him his ID. card as soon as he walked in the door?

A. I don't remember if I handed him back his ID. (CRG:67,4-11). (Lie - perjury).

If the investigator was an honest person, he should say the truth, because as "an investigator he is trained not to forget things". If investigator had said the truth, this case was dismissed. And the truth he supposed to say, is this, 'Yes your Honor, I sent people to coerce him to confess, harass and stole his IRS money, I asked him if he was ready to make a deal-trade (his drivers license in exchange for a statement) first he won't accept it, but after being coerced was force he make the deal, and I returned his ID. and I told him that I'm going to stop the harassments, but I lied., When he complained to me, he said that he was going to report me for my illegal activities I arrested him in retaliation. I accept my wrongdoing, I apologize, He is not guilty and

17

His case should be dismissed. This is the truth as investigator is aware that he lied in court committing perjury, where no jury acting reasonable, would have found me guilty for official's misconduct, and perjured testimony, which is a personal problem the reason for what I am convicted for a crime that I did not commit. And if I said that I am not guilty, under penalty of perjury, is because, with one opportunity. I can prove it in a new, and jury trial, because I told them that he lied in court.

The defendant is entitled to a reversal if the prosecutor knowingly uses false testimony to obtain a conviction or fails to correct perjury if discovered after the testimony is given. In Mooney v. Holoban 294 U.S. 103. 55, Ct. 340, 79 L. Ed. 791 (1935); Knowingly use of false evidence by the prosecutor, or allowing false evidence to go uncorrected after the prosecutor learns it is false, violates due process of law. In this case, my case, trial counsel, prosecutors and judge knew and were aware, "I did let them know" that the investigator Villarreal gave a false testimony, and it was ignored by all of them. Article 21.3. of Tex. Crim. Proc. states "Defendant must be granted a new trial, (e) when evidence tending to establish the defendants innocence has been intentionally destroyed or withheld, thus preventing its production at trial. In concurrent violation of Article 3.04(1) of Tex. Crim. Proc. "Official Misconduct." The investigator did gave me back my ID. card, but he kept my SSN card (identity theft). After he lied, I requested my counsel to obtain evidence to prove his perjury. Trial counsel refused to obtain such evidence in IBC Bank., when he not even know, he told me that I was guilty of the false offense supported by a lie." For this reason, this petition for Writ of Certiorary should be "GRANTED", trial courts order reversed and dismissed. Or as this Honorable Supreme Court believe, what's right.

**REASON # 5.** <u>Conviction Obtained By Use Of Conspiracy And Conspiracy To Steal.</u>

A police detective, Mr. Carlos Villarreal, with scheme in mind, he informed personally that he intentionally sent people in his conspiracy to follow me, harass me, (for this

reason, the investigator were aware that I was entitled for release before trial) his people and coerce me to obtain an involuntary confession against me, with his promise to "stop the harassments, if I did not, I will continue to have trouble. Investigator were aware that he was committing a crime against me knowingly intentionally. The damage of another is considered a crime of violence." V.T.C.A. Penal CODE § 28.03(a) U.S. v. Reyes-Maya 305. F.3d 362; The State willfully and intentionally destroyed the defendant's innocence. Statute pertaining to acts calculated to produce injury or damage to property, person or life of another, proscribes knowingly and willful commission of fact or urging of another person to commit act under circumstances reasonably calculated to produce clear and present and immediate threat or danger to physical well, property or life of another where act is calculated and tends to produce such a result and statute was nor void for vagueness, Vernon's Ann. P.C. art 466(a) Loche v. Vance, 307 F. Supp 434, Article 13.3 of tex. Crim. Proc. provides that: "A criminal conspiracy may be prosecuted in the county where the conspiracy was entered agreed to be executed. Tex Pen CODE § 15.02(a). TX. Penal CODE § 15.02(a) provides that "A person commits criminal conspiracy if he agrees with one or more persons that engage in conduct that would constitute the offense that performs an over act in pursuance of the agreement.

I am illegally deprived of my liberty separated from my lovely family by use of conspiracy.

**REASON#5.A.** <u>CONSPIRACY TO STEAL</u>

After I involuntarily invented a false confession while I was drunk for a deal-trade, I recovered my ID. card, I cashed my IRS money check to support my family; As soon as I cashed my check, I fount out that "investigator's people in his conspiracy continued harassing me. Being the investigator the only person who knows that I was going to cash a check, who else could send people to stole my money. I don't know what their intentions were or order from the investigator told them to do now, but I called him and let him know that he

19

was not a man of his word, I also told him that he lied about his promise of stop bothering me; When I complained to him, I told him to stop bothering me once and for all; He was blinded from rage, I personally heard when Mr. Villarreal gave an order to his people in this words, "follow him anywhere he goes and take away his money, now its going to be done my way!!!" These men broke into my hotel room, and stole my IRS money $2,500 U.S. dollars, the only money that I had to support my family. In violation of TX. Penal CODE § 15.02 Note 5. stating, "The conspiracy to steal is complete at the time it is entered into without any reference to subsequent theft. Also, TX. Penal CODE § 39.02 (a) provides, "A public servant commits an offense (4) a State jail felony if the value of the use of the thing misused is $1,500 or more but less than $20,000.

REASON # 6. Intentionally Unlawful Arrest Obtained In Retaliation.

Investigator Villarreal's people in his conspiracy continued harassing me. I confronted him and complained to him that "If his people stole my money, what else he need from me? I Also told him "Please, stop the harassments, or I'll go to the police department and report his illegal activities." I also asked him "If he had anything against me or what is his concern? He answered that "he don't have nothing against me." I said "stop it." your harassments In retaliation, the investigator unlawfully arrested me without arrest warrant, and without my Miranda's rights being read. He testified in court that "there was no arrest warrant.

Q. Did he inform you if there was a warrant pending on case?
A. I did ask him if he had something against me, And he said No (CR6:17,19-22).
Investigator stated: I don't know if it was at the beginning of our conversation, but he knows that there was currently no arrest warrant. (CR7:6, 7-12).
¿ In what grounds the arrest was made, no charges, no complaints ever made?

"No State shall make or enforce any law which shall abridge the privileges of immunities of citizens of the U.S., nor shall any State deprive any person, life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. U.S. CONST, amends. 4th and 14th.

20

## REASONS FOR GRANTING THE WRIT

My Constitutional and Statutory rights were clearly denied when I requested for the "ORDER" of (arrest warrant). The order was never shown to me, not even issued in the entire record. In violation of Statutory rights, 42 U.S.C.A § 1983, Due Process Clause

Just for a personal problem, the arrest was made in retaliation. In _Mendiola v State_ 21 SW 3d 282 (Tex. Crim. App. 2000), Where the State offered evidence of extraneous criminal contact sentencing; the defendant was entitled to show that the indictment for that conduct was dismissed before trial. In _McGee v. State_, 23 SW 3d 156 (Tex. App- Houston [14th Dist.] 2000, pet granted); The arrest of the defendant without warrant was improper. Although the officers had probable cause to arrest the defendant, they did not present evidence to meet any exception to the warrant requirement. Even if the arrest was proper, the body cavity search performed by the officers was unconstitutional. It was performed in an open area of a Fire station. on Alvarado's case, the arrest was performed in a public area (authozone), and officers did not attempt to protect the defendant's privacy in any way, no exception to warrant requirement shown. In violation of _Tex. Crim. Rule 4(9)(3)(A)_ stating: "Officers who does not posses warrant upon arrest, most show it to defendant as soon as possible upon request. Also, my arrest was made without my Miranda's rights being read on the 14th of May 2007. In violation of the 5th, Amendment. In _State v. Moore_, 28 SW 3d; The trial court properly suppressed evidence seized as the result of an unlawful arrest and search. Sixteen months after the unlawful arrest, it was the FIRST TIME BEFORE A JUDGE AND APPOINTED COUNSEL. Violation of Due Process Clause. I respect the law, I wait until the law acts, in my case was sixteen months to act evading my case, now state contends that I waived my rights because I did not said something that they were aware; I don't go to school law, so I don't know that I suppose to tell them something they already knew, is their obligation to give me a fair trial, not to violate my rights because I can't defend myself, I was denied a fair trial I

21

~~believe that~~ I believe that I don't need to do anything when I was arrested in retaliation, I just was waiting for they to recognize their mistakes, but they are so stubborn evaiding the truth, the truth and the law itself, being just, would entitle me for relief when I was basically abducted by a police investigator's retaliation sixteen months without any legal order, or proceeding, and he forgot about me, that is not my problem. Article 14.06 of Texas Criminal Procedure states, "The person having custody of the person arrested shall take him without unnecessary delay. No later than 48 hours after the person is arrested. The Magistrate shall immediately perform the duties described in article 15.17 of this code; Also, in a concurrent violation of article 15.13 of Texas Criminal Procedure section 14 states, "Complaint must be made against him under oath setting forth the ground for the arrest as in the proceeding section. The State not even had anything against me, which it violates due process of law. 42 USCA §1983 THE TRIAL COURT ABUSED ITS DISCRETION in not dismissing the case pursuant to violation of the FOURTH AND FOURTEENTH Amendment.

REASON#7. Defendant In Custody And No Indictment Presented.

REASON 7A. And Court's Abuse Of Discretion.

Sixteen months in custody, no complaints, no indictment or information presented. I was arrested on May 14, 2007, until September 16, 2008., and no indictment or information presented. This reason clearly attacks article 32.01 its constitutionality. Article 32.01 of Texas Criminal Procedure states "No person shall be held to answer for a crime, unless on an indictment; 180 days, no indictment, release the defendant. The State did not have enough evidence for a true bill on time nor ever. On September 10, 2008. the State illegally made an indictment without effective victim's consent. She [executed sep 17, 2009] visited me at jail and informed me that she told them that ~~the~~ false hearsay was not true, but she said was being forced to sustain a lie as true" She never made and or signed any affidavit, simply because it never happened. On September 17, 2008.

22

After sixteen months of custody, finally, I received a late indictment with a false charge of indecency with a child by contact f 2 without good cause shown. I did not speak, read or write English (in that time) and I don't know what was stated in the document, if I knew, I would not sign voluntarily that paper, I was told to sign it, and I did, but I requested for an explanation because I wasn't aware of what was it. the reason to sign a late indictment, never was made clear to me. Therefore, a violation of articles 28.061 and 32.01 was clear, and indictment should be void.

Indictment and Information states; Sanction for untimely indictment is dismissal with prejudice. Vernons Ann. Texas C.C.P. arts 28.061 and 32.01. See Tatum v. State, 505 SW 2d 548., Article 1§10 of the Texas Constitution provides that" No person shall be held to answer for a criminal offense unless on an indictment of a grand jury." Defendant tardily indicted is a clear violation of a Texas statute, Article 28.061 of Tex. Crim. Proc., provides" Discharge because of delay." If a motion to set aside an indictment, information or complaint for failure to provide a speedy trial in violation of article 28.061 is sustained, the court shall discharge the defendant." Appointed counsel choses not to file a Motion requesting discharge, being aware of that violation. A discharge under article 28.061 is a bar to any further prosecution for the offense discharged under and for any offense arising. See Condran v. State, 951 SW 2d 178 (case reversed); James Justice "Opinion"; the state appeals from the district courts order dismissing the prosecution against appelle Charles Franuling Condran pursuant to article 32.01 of Texas Criminal Procedure and barring further prosecution pursuant to article 28.061 of Texas Criminal Procedure; The State asserts three points of errors. First: District Court did not erred in not dismissing appelles prosecution. Second: The State contends articles 32.01 and 28.061 are unconstitutional. Third: The State contends the district court did not abused its discretion finding the state did not have good

23

cause for delaying the indictment. **Because we conclude that article 28.061** violates the separation of power doctrine and that appellate had to obtain a ruling on this article 32.01 complaint." We reverse" the district court's order. *See. Cordav v. State* at 178. (Case reversed). In two cases released at the same time the First District Court of Appeals 1., declared article 28.061 Constitutional, *See Nguyen v State*, 882 SW 2d 471 (Tex. App.- Houston [1st Dist], 1994, pet, ref'd), *Nix v. State*, 882 s.w. 2d 474 (Tex. App.- Houston [1st Dist], 1994, pet, ref'd), In both cases the state argued that because the court of Criminal Appeals should "declared article 28.061 unconstitutional, it was void and could not apply to untimely indictment under article 32.01." *See Nguyen* at 472; *Nix* at 475., The appelles argued that because the legislature amended article 28.061 after *Meshell*, it remained available enforcement mechanism for article 32.01. *See Nguyen* at 472; *Nix* at 475 NO.04-00265-CR slip op, at 2-7-SW 2d, - (Tex. App.-San Antonio Dec. 26, 1996, no pet. ) applying article 32.01 and 28.061 in the context of a late indictment when the state did not raised a constitutionality question. (charge not made constitutes a denial of due process.) The Fourteenth Court stating that, 32.01 is not speedy trial mechanism rejected this argument for the following reasons. (b) The Houston grand juries have six months term, there is much less pressure to indict in six months than to go to trial in that lenght of time, (c) The good cause exeption serves a procedoral safeguard to allow the prosecutor to present facts such as those in barker or as might otherwise justify a late indictment. In a concorring Opinion, Hudson stated that," Article 32.01 is sufficient grounded in article 1 section 10 of the Texas Constitution," No person shall be held to answer for a criminal offense unless on an indictment of a grand jury", defendant tardly indicted is a clear violation of a texas statute. The indictment was fatally defective, reversal acquittal was required.

REASON# 7. A. ~~TRIAL COURTS ABUSE OF DISCRETION~~

TRIAL COURT ABUSED ITS DISCRETION Violation of sequestration rule, refusing to allow witness to testify, Rules of Crim. Evid., RULE 613

## REASONS FOR GRANTING THE WRIT

The trial Court intentionally Abused its Discretion being aware of false evidence, unlawful search and seizure with malicious intention to obtain a confession, unlawful arrest, and violation of due process of law, violations of the FOURTH, FIFTH, SIXTH, AND FOURTEENTH Amendment against me. 42 U.S.C.A.§ 1983.

<u>WHEN THESE WORDS WERE MENTIONED IN COURT IN RECORD</u> case should be dismissed.

Your Honor. My client has been in custody for about 17 months (CR2:4, 18).

PROSECUTOR: We've had this case since Sept. 22, 2008. (CR5:6, 16-17) (the arrest was May 19, 2007)

TRIAL COUNSEL: We might possibly work this out pretty soon since he's been in custody for so long (CR2:4, 1-2).

~~THE TRIAL COURT SHOULD DISMISS THE CASE~~, Instead of.

THE COURT: And I guess the offer in this case was two years to serve?

TRIAL COUNSEL: Yes, Your Honor. He does have 19 months credit (CR3:17, 4-8). There was another reason, I didn't want to bring it up. (CR5:8, 11-12).

¿Why he did not disclose violation of articles 28.061 and 32.01 and 4th amendment Unlawful arrest?
The reason counsel refers is that there was no indictment, and that I was illegally detained, but he "refused to bring it up" as he stated in the record.

The trial court abused its discretion when the court refused to provide me a professional translator since the beginning as I requested. Reversal is required where the trial court, upon timely request, fails to provide an interpreter for a defendant who does not speak and understand English. Only a Court's erroneous conclusion, not misconduct.

THE COURT: Obviously you had all of your rights afforded to you (CR7:106, 16-25).

TRIAL COUNSEL: One of the allegations is that he was not informed what could happen at trial (CR8:4, 2-5)

In <u>Nanes v. State</u>, 558 SW 2d 893, "The petitioner was convicted of statutory rape and sentenced to life in 1969." The State entered into a stipulation with appellant in the trial court that the appellant did not understand the English language during the case in which he was convicted." An affidavit of interpreter supported contention. "RELIEF GRANTED." Also the trial court abused of its discretion pursuant to a speedy trial violation. The right to a speedy trial is violated when prejudice is shown from an unreasonable delay in the trial of the case. <u>Ex parte Cathcart</u>, 982 SW 2d 430 (Tex.

25

App.-San Antonio 1998.) pet, granted); The defendant was entitled to habeas corpus relief because the indictment was not timely presented under Tex. CODE CRIM. PROC. art. 32.01. It is the duty of the trial court, the attorney representing the accused, the attorney representing the State and all peace officers to do so conduct themselves as to insure a fair trial for both the State and the defendant; not impair the presumption of innocence and at the same time afford the public the bene- fits of a free press. Article 2.03 of Tex. Crim Proc., 42. U.S.C.A. § 1983.

## REASON #7. B.  NO COMPLAINTS SWORN/NOR SIGNED IN RECORD

The indictment was falsely made by the police department without the supposed victims consent; there is no complaints sworn and signed pressing charges against me. the indictment is fatally defective and it should be void, In State v. Williams. 938 Sw 2d 465 (Tex. Crim. App. 1997); The defendant was entitled to dismissal of his charges because the state failed to comply with the time limits provided by the Interstate Agreement on Detainers Act. In State v. Shastid 940 s.w 2d, 405 (Tex. App.- Fortworth 1997); The trial court properly dismissed the indictment because the statute of limitations had expired. Since the defendant had not been formally charged complaint, information or indictment. In Carter v. State 398 sw 2d 290, case 1 (Tex. Crim App. 1966); the jurat to the complaint purports that the oath was administer by the County Attorney for Jones County, Texas, but the record reflects the jurat was not signed. The judgment was reversed and the prosecution under this information was ordered dismissed. As in this Petitioner Alvarado's case. In Purcell v. State. 317 sw 2d 208. case 1 (Tex. Crim. App. 1959). The complaint was not sworn to before any official or person of authority. In Petitioner Alvarado's case not even had in record any complaint or affidavit. In Barrington v. State. 117 Tex. Crim. 462, 32 sw 2d 837; Is authority for the holding that "as a basis for the

26

prosecution upon an information, a complaint supported by an affidavit is essential". The trial court (as in my case) erred in failing to sustain the appellants motion to quash the complaint because such complaint was not signed by the affiant writing his name or affirming his name. In *Holly v. State* 460 s.w. 2d 136 (Tex. Crim. App. (1970)", The record fails to reflect (as in Alvarado's case) a signature on the complaint". Therefore, it appears from the record that the conviction is void and should be reversed and prosecution dismissed. As in Alvarado's case. In *Carrillo v. State* 962 S.W. 2d 719 (Tex. App.= Houston [14th Dist.] 1998)., the trial court erred in proceeding to trial when the indictment was lost and the prosecutor did not follow the proper procedures for sustituting a copy until the hearing on the defendant's motion for new trial. (as in this case).

REASON #8. Impossible date Of The Commission Of The False Offense.

"Fundamental Defect". The State made an indictment without victim's consent or affidavit. In the record, State raised three offense dates in one untrue hearsay "offense, State was confused because it is impossible to invent an exact date, time and place to prove where I was at that time in an offense that it never ever had happened. In the record, there are three different offense dates, If the state give me an exact date, time, and place, I can prove where was I, in the one in the indictment if it was correct and take off the part "about", I can prove that" in April 1, 2007. I was working outside the City as a mechanic for one month, from March 10, 2007. to April 9, 2007. But, which of the three dates are true? Answer "No one". First false offense date is on Sheriff's Department record, and is "April 10, 2007". Second: In Court record, and is "May 15, 2007, which it is impossible because I was unlawfully arrested on the 14th, of May. 2007. Third: In the sixteen months late Indictment, and is, "On or about April 1, 2007.

27

without time and place stated. As in this case., In State v. Zavala 17 sw 2d 356 (Tex. App.- Corpus Christy 2000, pet, ref'd)., The State's appeal from the trial court's dismissal of an information was dismissed as untimely. The trial court erred in failing to sustain appellant's motion to quash the complaint because such complaint does not state the time and place of the commission of the offense. In State v. Barron, 760 S.W. 2d 763; The court affirmed on appeal by state, quashing of information where it was supported by complaint was properly quashed for alleging an impossible date. In Mc. Farland v. State, 632 sw 2d 621; This case collects and stablishes the rules for many impossible date situations; The specific holding was that an allegation of "on or about" the 31st day of April. A.D. 1978. (an impossible date) was not a fundamental defect. However, an allegation only "on" such an impossible date would be fundamental as would "on or about the — day of — A.D. 1990., Citing Benson v. State 79 sw 2d 122 (1935); "on" or "on or about" the — day of January 1934 would be sufficient absent a motion to quash. Davis v. State, 503 sw 2d 241 (Tex. App. 1999); The complaint sworn to on July 2, 1972., alleged an offense occurred on July 27, 1972. The complaint was fatally defective; Also, In my case, in the record, an sworn complaint to justify the impossible date., It is clear and sufficient evidence to reverse this case and dismiss it. This certorari should be GRANTED for this reason.

**REASON #9.** Unreasonably (INS) I.C.E. Dept, Placed A Hold On Me

After one month of the unlawful arrest the I.C.E. department officers placed a hold on me by officer's laziness and spite. The I.C.E officers refused to go through my INS clean record, and violated the 4th, and 14th, Amendments. Had the officers go through the record, I will be able to reduce the $100,000 bond. I would be able to work, have an effective counsel to defend

28

I would be able to collect evidence to prove my innocence, to prove the false evidence presented and admitted as true, I would be able to prove a perjured testimony from investigator, which it is the only reason I am incarcerated, because I was denied an effective assistance of counsel. I.C.E. Department officers' laziness and spite, that harmed me in a way that I can't explain. For this reason, the Honorable Supreme Court shoul GRANT this writ of Certiorary. I am legally in the U.S. since the 1990s. I.NS. Card No. A90701641; Denver Colorado 155."

**REASON # 10.** <u>Effective Assistance Of Counsel Was Denied At Trial</u> "Actual Malice".

The assistance of counsel was ineffective because of incompetent representation on FOURTH, FIFTH, SIXTH and FOURTEENTH Amendments issues Intentionally. malicious knowingly

Trial counsel, Mr. Arturo Gallegos. choses not to represent me legally, beforehand, he tried to force me to accept a two years offer to be free in that moment, (six years ago) I did not accepted his offer because "simply", I am not guilty of any false criminal offense. Effective assistance of counsel is lacking at trial when the conduct of counsel fell bellow an objetive standard of reasonableness in such a way as to undermine confidence in the outcome of the trial at punishment, the standard is one of fundamental fairness., Petitioner had a right to the effective assistance of counsel at trial. U.S. CONST. amend SIXTH., <u>Powell v. Alabama</u>, 287 U.S. 45 (1932), Counsel must act within the range of competence demanded of counsel in criminal cases. <u>Mc. Mann v. Richardson</u>, 397 U.S. 759 (1970) In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)., The Supreme Court addressed the federal Constitutional standard to determine whether counsel rendered reasonably effective assistance. The defendant must first show that counsel's performance was deficient; that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the SIXTH Amendment.

29

Second, the defendant must show that the deficient performance perjudiced the defense; that counsels errors were so serious as to deprive the defendant of a fair trial with reliable result. The defendant must identify specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The reviewing court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of profeslonally competent assistance; Ultimately, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 US. at 694. 6th Amendment means that there most be effective assistance. of counsel;

My trial counsel refused to legally represent me and presented me as guilty because I tell him the truth" He was worthless and ineffective".

MR.GALLEGOS: Well he understands that according to him, he's innocent. And that's one of the problems. He's been very dificult to work with Your Honor (CR5:5,19); Basically to protect myself Your Honor. (CR6:7,23-25); Well because I know what's going to happen, 10 to 15 and then he'll say I was Ineffective Your Honor he's going to appeal (CR5:4,10-12).

I begged the counsel to work on my bond so I can go to work and hire a good lawyer.

MR.GALLEGOS: Your Honor, Ive never actually worked on the bond (CR3:11,15-16).

The counsel came up with an offer of two years to be free but as guilty.

MR.GALLEGOS: Your Honor, I brought up the fact that the offer was two years to serve. He had like 22 months credit (CR7:13, 14-21).

I explained that I rather stay in jail "not guilty" that be free as guilty.

MR.GALLEGOS: Maybe I can bring the cop right now ~ I mean, he did say, I'd rather be in jail (CR5:5,2-3).

I informed counsel about my only witness willing to testify on my behalf, He refused to disclose the fact and refused to call my witness to the stand to testify

DEFENDANT: I would have wanted for my lady, the only witness that I had; for her to defend me (CR7:106,3-4).

30

In State v. Kelley, 20 SW 3d 147 (Tex. App.-Texarkana 2000); The trial court properly granted the defendant's motion for new trial on the basis of ineffective assistance of trial counsel. The filling of notice of appeal did not deprive the trial court of jurisdiction to rule on the motion for new trial. Only the filling of the appellate record ends jurisdiction, Where the defendant had a meritorious speedy trial motion, but trial counsel failed to secure a ruling on it, the trial court properly exercised its jurisdiction to grant a new trial for ineffective assistance of counsel. "REASON #10. A Trial COUNSEL INTENTIONALLY CHOSES NOT TO FILE MOTION to dismiss.

Trial counsel failed to file a motion requesting the court dismissing the case for a late or untimely indictment pursuant to article 32.01 and 28.06 of tex.Crim.Proc.

Trial counsel incorrectly misadviced me to waive my jury trial. The giving of incorrect advice concerning relevant issues may constitute ineffective assistance. Ex parte Duffy Remanded for a new punishment hearing. Ex parte Canedo, 818 SW 2d 814. (tex.Crim.App.1991); Where the defense attorney believed that the defendant was elegible for shock probation from the court, and there fore adviced the defendant to waive his right to a jury on punishment. Here was ineffective assistance of counsel on sentencing under the rule of Ex parte Duffy. In Gallegos v. State 756 SW 2d (tex. App.-San Antonio 1998 pet. ref'd); Failure to counsel to inform defendant that his waiver of jury at punishment stage of trial would preclude his receiving provation was ineffective assistance of counsel and required reversal. See also Tuner v. State 755 SW 2d 207 (Tex. App.- Houston [14th Dist.] 1998); However, the totality of the representation affected the punishment phase and remand for a new punishment is required. Hernandez v. State, 943 SW 2d 930 (Tex. App.- El paso 1997, pet, granted); Trial counsel requested intentionally to the court for sentence without effective consent. MR. GALLEGOS: My client wishes for your Honor to sentence him (CRT 9, 101, 16-17).

31

Here, the counsel lied because I never requested such thing. The reason I do not complained to him was because the interpreter did not informed me of that assertion, the translator worked in an unprofessional manner. Trial counsel ignored or was an agreement, I explained especifically how the false evidence was obtained.

MR. GALLEGOS: Your Honor, my client is still objecting to the confession, we're still arguing that its an involuntary confession, based on the fact that it was based on a promise. Your Honor. and given by investigator Villarreal (CRT; 50, 14-18).

The counsel failed, unsuccessfully only made a motion to suppress the confession, but he refuse to litigate with the truth, and refuse to obtain evidence to prove that the confession was false, invented; illegally was obtained, in result, was admitted at trial.

## REASON #10. B. COUNSEL'S SELF SERVING AFFIDAVIT

Counsels self serving affidavit is sought to avoid the professional obligations set forth in Milbum at 267, Because he failed to present witness (other than petitioner) despite having been provided information by the petitioner to mitigate the sentence that he was facing, his performance fell bellow the professional norm of reasonableness, because counsel failed to contact despite knowing that favorable witness were available to testify. In Shankling Id. at 165, The court concluded that "appellant has demonstrated prejudice in his case, eventhough we cannot say for certain that appellants character witnesses would have favorably influenced the jury's assessment of punishment." Shankling at 165, and Milbum at 271. "we have no doubt, however, that defense counsels failure to interview or call possibility of bringing out even a single mitigating factor."

Trial Counsel Were Aware And He Intentionally Refused to "Bring it up."

MR. GALLEGOS: There was another reason, I didn't want to bring it up (CRS; 8, 11-12). He's going to appeal then he'll say I was ineffective (CRS; 4, 10-12).

The SIXTH Amendment is the right to effective assistance of counsel. Stone v Powell 428 U.S.

32

465, 49 L. Ed. 2d 1027, 96 S Ct. 3037,

In <u>Kimmelman v Morrison</u>, 477 U.S. 365, 91 L Ed 2d 305, 106 S Ct. 2574, The case where the accused had been denied an opportunity to fully and fairly litigate the claim of FOURTH Amendment, Assistance of counsel was ineffective because of incompetent representation on Fourth Amendment issues. District court should reconsider, in the light of intervening decisions, whether the accused had been prejudiced by this incompetence. The rule barring federal habeas corpus review of a Fourth Amendment claim, where the state involved has provided an opportunity for full and fair litigation of that claim, does not apply to Sixth Amendment claims of ineffective assistance of counsel which are founded primarily on incompetent representation with respect to a Fourth Amendment issue. The right to effective assistance of counsel is not confined to trial, but extends also to the first appeal as of right.

The Sixth Amendment mandates that the state bear the risk of constitutionally deficient assistance of counsel.

Criminal defendants are not barred from vindicating their right to effective assistance of counsel through federal habeas corpus review where counsel's primary error is failure to make a timely request for the exclusion of illegally seized evidence which is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant.

In determining whether prejudice exists, with regard to a claim that a criminal defendant has been denied his Sixth Amendment right to effective assistance of counsel, a court must consider the totality of the evidence before the judge or jury.

The conduct of counsel for an accused, in failing to file a timely motion to suppress evidence seized in violation of the Fourth Amendment is constitutionally deficient under the Sixth Amendment. Defendant informed Counsel about unlawful search and seizure, and an unlawful arrest, trial counsel choses not to file a Motion dismissal prosecution.

33

to squash evidence.

Trial appointed counsel refused to litigate a FOURTH Amendment claim "Unlawful Search and Seizure"., And he choses not to investigate to obtain evidence to prove a perjured testimony to suppress the false evidence, he refused because he contends that the "State have decided to make you guilty of the offense charged by the state with their witnesses that did not know, see, or being normal persons, ther were "police officers, and public servants. But counsel came up with an exeption; If I work for a cartel "Lord" or if I have money, I will be free, give him a name, then he would make a deal with D.A.S., Which I refused it because "I am not a gang member." Is that right? Is that is not corruption?

In Milburn v State, 15 S W 3d 267, The court found that appellants trial counsel was ineffective by failing to investigate and interview potential witnesses despite the availability and willingness of several of appellants relatives, friends and co-workers to testify on his behalf. The sentencing stage of any case regardless of the potential punishment is the time at which for many defendants the most important services of the entire proceeding can be performed. In Alvarados case, Trial counsel failed as promised to his client to file a notice of appeal, it was discussed before and after the conviction. Trial counsel abandoned me, he lied, never filed the appeal.

## REASON # 10.C.   TRIAL COURT IGNORING AN "ORDER" From Court of Criminal Appeals

THE COURT: This is, Mr. Wise, on an application for a writ of habeas corpus post conviction, the deadline for me to respond. 180 days. It says, All issues - all fact issues shall be resolved within 90 days of the "order". (CR8:9,7-21).

MR. WISE: Mr. Alvarado is pretty much claiming that he was given ineffective assistance, because his attorney, Mr. Gallegos, had told him that he was going to file an appeal. Mr. Gallegos never file the appeal (CR9:3,18-23). The only issue I had, also, was that there was supposed to be a hearing within 90 days of the "order" from the Court of Criminal Appeals, when they issued this order, which was January the 13th, The 90 days expired already.

THE COURT: I remember correctly, the defendant mentioned about an appeal.

MR. WISE: I had spoken to Mr. Gallegos, But he never addresses the issue of the appeal. He addresses the issue of ineffective assistance at trial, he never issue whether or not he was going to file the appeal. There is no notice of appeal on file (CR9:5,8-15).

34

Counsel failed to conduct any meaningful pretrial discovery, petitioner was deprived of effective representation, 579 F Supp. at 802-803. Petitioner had been prejudiced by his attorney's incompetence in all stages, but the most important, Punishment.

Petitioner has demonstrated prejudice even though it is petitioner's speculation that characters witnesses in mitigation would have in fact favorably influenced the court's assessment of punishment. Milburn at 271.

### REASON # 10. D. PREJUDICE

A.E.D.F.A. Standard of Review applies only to the prejudice prong of the ineffective assistance claim, the state court must consider the allegations of deficient performance de *novo*; because counsel (guilty) did not disclose issues that entitle me to be released; He choses "intentionally" not to represent me legally when he did not brings up the issues as "Unlawful Arrest, Unlawful Search and Seizure," "No Miranda's Rights Being read when arrested in retaliation, without Arrest warrant," "No complaints ever made against me," "No sworn and signed affidavits," "State raised Charges made without the supposed victim's consent," facts that "no jury acting reasonable would have found me guilty with a "perjured testimony," which counsel "Refused Intentionally" to prove., The trial Court Abused of its discretion being aware on clear errors, although review is de novo if the denial is based in a matter of Constitutional law. Generally, Courts review the denial of a defendant's motion to dismiss the case only after the defendant has been convicted and sentenced. Nevertheless, the collateral order doctrine, a review exeption to this "Final judgment" rule, allows immediate determination from orders that (1) "Conclusively determine the disputed question, (2) "resolve an important issue completely separate from the merits of the action," and (3) "effectively unreviable determination from this Honorable Supreme Court

35

unreviable on appeal from a final judgment". When Petitioner-Defendant testified that he did not touched C.Js, genitals, defense counsel did not seek to support defendant's credibility by the way of "OPINION" or "REPRESENTATION" and question did not concern defendant's "character" for truthfulness, but merely requested from defendant without the good help of a professional translator a direct, self-serving assertation as to whether he was telling the truth during his testimony. _Willis v. State_, 867 SW 2d 852 (App. [14 Dist] 1993). For this reason this certiorari should be "GRANTED" by this Honorable Supreme Court in the interest of Justice.

### REASON #11. ~~The~~ Effective Assistance Of Counsel Was Denied On Appeal

A defendant has a constitutional right to counsel on an initial appeal. _Ex parte Lopez_, 745 SW 2d 28 (Tex. Crim. App. 1988); The Strickland Standard review applies; A.E.O.F.A. Standard of review applies only to the prejudice prong of the ineffective assistance claim, the State Court must consider the allegations of deficient performance de novo. The State must defer court's decisions unless it was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by state court because was based on an unreasonable determination of the facts in light of the evidence presented and in the record, and arrives at an opposite determination of the facts in light of record. _Williams v. Taylor_ 529 U.S. 362 (2000); When Appellate counsel unsuccessfully made his own claims, and raised his own appeal, and not as I informed, it was my wish, which it makes him "deficient and prejudicial"

The Supreme Court has distinguishable between two types of claims involving denial of assistance of appellate counsel, first, where a petitioner argues that counsel failed to assert or fully brief a particular claim. Attorney's performance was both, deficient and prejudicial _Penson v. Ohio_, 488 U.S. 75; Where the complained of

36

performance constitute a complete actual or constructive denial of the assistance of counsel. Prejudice is presumed. Writ should be "GRANTED" for Relief, for this reason.

### REASON#II. A. <u>DEFICIENT PERFORMANCE</u>.

Appellate counsel failed to,(first of all), raise the issue of void sentence on appeal.

A defect which renders a sentence void, may be raised at any time <u>Levy v State</u> 818 SW 2d 801; Consecuently a contemporaneous objection is not necessary to preserve the error for appellate review, <u>Laporte v State</u>, 840 SW 2d 412. Therefore, appellate counsel was deficient in not presenting arguments on appeal as (1) void sentence, (2) Unlawful Search and Seizure (3) No complaints/nor sworn affidavits pressing charges ever made against me (4) No arrest warrant in the record (5) Unlawful Arrest in retaliation, perjured testimony (6) Sixteen months in custody and no indictment or information presented, (7) Indictment void for delay, (8) Trial counsel's failure to disclose the fact of a witness willing to testify on my behalf, and (9) And trial counsel's failure to call my witness to the stand. When appellate counsel received all this information personally from me; He promised to file the appeal according on what's on the record and failed; If counsel had go through the record, he would have found the clear evidence of "procedural default (wrongful conviction) in light of the evidence in the record". Therefore, the appeal was based on an unreasonable determination of the true facts, and clear and convincing evidence in the record; It would be different if appellate counsel check or go through the record, the conviction would be reversed on appeal. Based upon Mr. Charles D. Wise, the total abandonment of cause No. 2008-CRS-589-D4 on appeal, was denied effective assistance of counsel, and where as in this case, the complained of performance constituted a complete actual or constructive denial of the assistance of counsel, prejudice should be presumed. If it is not presumed, Petitioner would show that due to Mr. Wise's abandonment of cause, he was unable

37

to advance any legal argument contesting the factual and legal sufficiency of that conviction, as well as the void sentence that was imposed. Had Mr. Wise raised as I requested, all issues on appeal, the court would have reversed and reformed the judgment to dismiss. The counsel's performance was objetively deficient and the deficient performance was "prejudicial" in that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). For this reason, this Writ for Certiorari should be "GRANTED", case NO. 2008-CRS-589-04 reversed and dismissed, or retried, to ensure the accuracy of the verdict and the system of justice, in the interest of true justice in a crime that I did not commit. "If I say it, I can prove it." Please grant me an "opportunity" to prove it.

## REASON # II. B. Fear From "Life Statement."

Honorable Supreme Court, I "fear from my life" because investigator Villarreal hates me, and I believe he would dare to hurt me in "retaliation," (same way he unlawfully arrested me) because I am disclosing all the truth about his illegal activities against me. And I want to be clear in case anything bad happens to me or my family, that will be only by Mr. Villareal's retaliation, because of the same way that he sent his people in his conspiracy to follow me, harass me and rob me, he would dare to send his people to hurt me, or my family, as he also committed perjury being under oath, to obtain a conviction he would show no mercy to hurt me or even kill me for the truth, I was beaten incarcerated already, I went to the hospital after this lie is resolved, if you can provide me some sort of protection for me, or and my family, I would appreciate it; I understand investigator hates me for a personal problem only because I complained to him as I explained in the "statement of the case." e.g., P. 7. but I learn my lesson. The truth is coming out to the light as I promised him when unlawfully arrested me on May 14, 2007, I did explained to the appointed counsel, but he refused to inform judge or disclose the fact in the record. I cannot speak, and I do not speak English at the time, I was not allowed to

38

inform, only to answer the State's questions at their convenience by translator.

"Honorable Supreme Court, I am been Ignored, Please do something to receive equal protection of laws."
I would appreciate this Honorable Supreme Court if do something about this matter, because I've being ignored by all peace officers only because I am hispanic, and because I don't have money to pay a good attorney to defend me, but I'm a person Honorable Supreme Court; Thank you very much for your attention in this matter. I swear that All this information is true...

## PRAYER

WHEREFORE, PREMISES CONSIDERED, I José Alvarado, PRAY for relief, judging no one, because is for the Honorable Supreme Court to decide who've done wrong, I'm willing to prove my innocence any time. The State contends in a Response to application 11.07 pos e.g. APP.E. that now is to late for relief, seems and that they can keep me incarcerated for nothing for sixteen months. e.g. APP.F. ¿What is your "Opinion"? Is this Honorable Supreme Court going to let this injustice pass intact and do nothing? I am illegally deprived of life, separated from my lovely family by force, my innocence, and one happy family was maliciously and intentionally destroyed. I pray with all my heart this court to grant my request me go back with my wife and three doughters. For all reasons set forth that entitled me for relief with the truth. or advise me to what else I can do to receive relief I PRAY, this honorable Supreme Court to grant this Writ of Certiorari with relief as requested and any other relief this court deems, that I'm entitled to by law; Also I pray this Honorable Court to issue a final judgment "ORDER" in this cause showing "procedural default," "wrongful Conviction," "Ineffective assistance of counsel" and "Misaplication of stated rules of law by the State, and dismiss an order from 406th District Court Webb County Texas, and in case deserved acquittal, an "ORDER" is requested for a Motion of "Expungement," and appy Article 42,038 of Texas Criminal Procedure. "Reimbursement for confinement expenses including child support, and order to Texas

Department of Criminal Justice for inmate release, and to be restored to original status of release before the unfair prosecution and trial of false and illegal charge case NO. 2008-CRS-589-D4., I finally pray to this Honorable Supreme Court if appropriate, "ORDER" that I, José Alvarado is elligiable for compensation under I.L.B.166 "wrongful Conviction" under Tex. Gov. Code. Chap. 103 § 103,001, 103,054. Health and Safety Code 614.021 See Gov. Code Comp. Public act. 403.074.

Respectfully submitted By: _____ José Alvarado Petitioner Pro Se TDCJ#1565198

The State of Texas
Brazoria County
Affidauit.

## AFFIANT'S DECLARATION

I Declare BEFORE ME UNDER OATH, that I, José Alvarado has written all this information in the above Writ of Certiorari, I have submitted a complete statement, and all the Information set out above is true to the best of my knowledge; But I also request this Honorable Supreme Court to waive any irregularities possible in light of the fact, because this "CERTIORARI" was filed by a NON-Lawyer and pro se to the best of my ability, and limited understanding of the law please consider my claims and review my case de novo. And please examine wrongful convictions like this.

SIGNED UNDER OATH BEFORE ME, on this the 8th day of July 2015

Respectfully submitted

By: _____
José Alvarado Affiant Pro se
TDCJ# 1565198,
Ramsey One Unit
1100 FM. 655 RJ
Rosharon, TX. 77583

Placed in U.S. Mail box and executed on this the 8th day of July 2015

40

**CONCLUSION**

The petition for a writ of certiorari should be granted.

Respectfully submitted,

Date: July 8th, 2015

41

No. _____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

JOSÉ ALVARADO - Z. — PETITIONER
(Your Name)

VS.

THE STATE OF TEXAS, "et all". — RESPONDENT(S)

## PROOF OF SERVICE

I, José Alvarado-Z. _____, do swear or declare that on this date, July 8th, _____, 20 15, as required by Supreme Court Rule 29 I have served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows: The Clerk of Court Abel Acosta One Copy of this Writ of Certiorari was served to The Opposing Counsel, "The Court of Criminal Appeals at Austin." P.O. Box 12308 Capitol Station, Austin Texas 78711, Placed in the U.S Mail box, the same date as executed and signed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8th, _____, 20 15

_____
(Signature)

42

IN THE SUPREME COURT OF THE

UNITED STATES

TRIAL CASE NO. 2008-CRS-589-D4


JOSÉ ALVARADO, Petitioner pro se.

VS.

THE STATE OF TEXAS. "et all".


"MERITS"

"ORDER FOR FULL AND FAIR LITIGATION"


"Appendix A".

*Look for* *Mirandas Rights*
*Standard of 1607*
*Notaria*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

JOSE ALVARADO ZAMARRIPA,

§ *what County Clerk*
§ *1110 Victoria St., Ste 201*

Petitioner,

§

VS.

§ CIVIL ACTION NO. 5:12-CV-155
§
§ *PO Box. 29 Laredo TX.*
§ *78040*

WILLIAM STEPHENS,

§

Respondent.

§

## FINAL JUDGMENT

For the reasons set forth in a Memorandum & Order of even date, Respondent William Stephens' motion for summary judgment (Dkt. 28) is GRANTED and Petitioner JOSE ALVARADO ZAMARRIPA's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (Dkt. 1) is DENIED. Accordingly, this case is hereby DISMISSED with PREJUDICE.

Because the Court concludes that Petitioner makes no substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). For this reason, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this decision would not be taken in good faith and, therefore, should not be taken *in forma pauperis*. *See* Fed. R. App. P. 24(a).

The Clerk of Court is DIRECTED to send a copy of this Final Judgment to Petitioner via certified mail, return receipt requested. The Clerk is further DIRECTED to terminate this case.

This is a FINAL JUDGMENT.

SIGNED this 18th day of August, 2014.

Diana Saldaña
United States District Judge

TRUE COPY I CERTIFY
ATTEST:
DAVID J. BRADLEY, Clerk of Court
By _____
Deputy Clerk

1 / 1

*"Good cause" remains undefined?*
*Norton v. State 918 S.W. 2d 25. 29*

| | | |
|---|---|---|
| JOSE ALVARADO ZAMARRIPA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 5:12-CV-155 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM & ORDER

Petitioner JOSE ALVARADO ZAMARRIPA, a state inmate confined by the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody." (Dkt. 1.) Therein, Alvarado challenges his state conviction for indecency with a child by sexual contact on four grounds. (*Id.* at 2, 6-7.) Pending is Respondent William Stephens' motion for summary judgment. (Dkt. 28.) Alvarado filed a response (Dkt. 32) and a motion for an attorney (Dkt. 33). The Magistrate Judge issued a Report and Recommendation (Dkt. 34), thereby recommending Respondent's motion be granted and Alvarado's petition and motion be denied.

The Report is based in part on the following. Alvarado failed to challenge his arrest at trial or his detention on appeal. (*Id.* at 8-11.) Alvarado did not raise his sufficiency of the evidence claim in his final direct appeal, and such a claim is not cognizable under Texas habeas review. (*Id.* at 13.) Alvarado's counsel was not constitutionally deficient, counsel's failure to appeal was moot, and the claim that counsel failed to call Alvarado's wife as a witness was not raised on appeal. (*Id.* at 16-17.) Moreover, Alvarado did not provide any new evidence to support his claim of actual innocence in order to overcome his procedural default. (*Id.* at 18.)

1 / 8

Alvarado filed objections to the Report (Dkt. 36), which the Court has considered. Alvarado's objections include that he was arrested without a warrant and detained for 16 months without being indicted, that the evidence was insufficient to support his conviction, that his trial attorney's representation was ineffective, and that he is actually innocent. (Dkt. 36 at 1-15.) The District Judge, having made "a de novo determination of those portions of the [R]eport or specified proposed findings or recommendations to which objection is made," hereby ACCEPTS the recommendation of the Magistrate Judge (Dkt. 34). *See* 28 U.S.C. § 636(b)(1)(C). Accordingly, Respondent's motion for summary judgment (Dkt. 28) shall be GRANTED and Alvarado's petition (Dkt. 1) and motion for an attorney (Dkt. 33) shall be DENIED.

## Discussion

Each ground for relief is discussed below.

## I. Deprivation of liberty

Alvarado objects to the Magistrate Judge's conclusion that his claims challenging the legality of his arrest and detention are procedurally barred. (Dkt. 34 at 8-11; Dkt. 36 at 1-9.) Specifically, Alvarado argues that he was arrested without a warrant[1] and detained for 16 months without being indicted.[2] (Dkt. 36 at 1-9.) The Supreme Court has held that where a state has

---

[1] Alvarado contends that the Report and Recommendation is inaccurate because he was not arrested by Immigration and Naturalization Services. (Dkt. 36 at 5.) However, the Report only states that Alvarado was placed on an immigration hold by INS (Dkt. 34 at 8), which Alvarado agrees with in his objections (Dkt. 36 at 5).

[2] Alvarado now for the first time alleges that his indictment was void. (Dkt. 36 at 1.) Federal courts will not consider claims that a state indictment is insufficient to confer jurisdiction upon the trial court when the issue was squarely presented to the highest court of the state and that court passed on the merits of the sufficiency issue. *Alexander v. McCotter*, 775 F.2d 595, 598-99 (5th Cir. 1985). When the Texas Court of Criminal Appeals refuses to grant a petitioner's request for relief, it essentially holds that Texas courts have jurisdiction and the indictment is sufficient for that purpose. *Id.* Here, the Magistrate Judge found that the Texas Court of Criminal Appeals refused to grant Alvarado's petition (Dkt. 34 at 4), and thus the trial

2 / 8

provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Fifth Circuit has interpreted "an opportunity for full and fair ligation" to mean an opportunity to contest the unlawful search and seizure, regardless of whether the defendant actually took advantage of that opportunity. *Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002), *cert. denied*, 537 U.S. 1196 (2003). Here, the Magistrate Judge found that Alvarado did not take advantage of the opportunity to challenge the legality of his arrest during trial. (Dkt. 34 at 9.) Thus, as Alvarado already litigated his Fourth Amendment claim in state court, it is procedurally barred.

Moreover, 28 U.S.C. § 2254(b) requires that a habeas petitioner exhaust available state procedures before he pursues habeas relief in federal court. *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009). Here, the Magistrate Judge found that despite having appealed his conviction to the Texas Eighth Court of Appeals and filing a state habeas application with the Texas Court of Criminal Appeals, Alvarado did not present his detention claim to either state court. (Dkt. 34 at 9-10.) Alvarado now argues that he stated in his habeas application "Alvarado in Custody and no Indictment" but it was ignored. (Dkt. 36 at 8.) However, the Magistrate Judge found no such statement (Dkt. 34 at 11), and the Court finds no such statement upon its review of Alvarado's habeas applications (*see* Dkt. 25, Attach. 4 at 53-63; Attach. 31 at 15-25). Therefore, as Alvarado failed to exhaust his detention claim, it is also procedurally barred.

Alvarado alleges that exceptions apply to his procedural default. (Dkt. 36 at 8-9.) Specifically, Alvarado argues that there is cause for his procedural default and prejudice

court had jurisdiction and the indictment was sufficient for that purpose.

3 / 8    Late

attributable thereto and that the Court's failure to review his claims will result in a fundamental miscarriage of justice (*id.*). *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To satisfy the "cause" standard, Alvarado must show that some objective factor external to the defense impeded counsel's compliance with Texas' procedural rules. *See McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Alvarado has made no such showing. (*See* Dkt. 36 at 8-9.) Although ineffective assistance of counsel can qualify as cause, *McCleskey*, 499 U.S. at 494, Alvarado's claims in that area are meritless, as discussed below. And the "justice" exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Alvarado has not presented new and reliable evidence. (*See* Dkt. 36 at 8-11, 14-15.) Because neither exception permitting federal habeas review of Alvarado's procedurally barred claims applies, Respondent is entitled to summary judgment on them.

## II. Sufficiency of evidence

Alvarado also objects to the Magistrate Judge's conclusion that habeas relief is not warranted for his sufficiency of the evidence claim. (Dkt. 34 at 11-13; Dkt. 36 at 10-11.) Specifically, Alvarado contends that the evidence against him was "obtained by illegal seizure, extortion and trade." (Dkt. 34 at 11.) To begin, there is no federal right to a factual sufficiency review. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002); *Wright v. Dir., TDCJ-CID*, 2012 WL 7159911, at *21 n.1 (E.D. Tex. Oct. 2, 2012). Moreover, although Alvarado raised a legal sufficiency claim on direct appeal, he failed to assert this claim in a petition for discretionary

review. (Dkt. 34 at 12-13.) This constitutes a procedural default under Texas law that bars federal review. *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986) (per curiam); *Noriega v. Thaler*, 2011 WL 677352, at *4 (S.D. Tex. Feb. 16, 2011).

Furthermore, a sufficiency of the evidence claim is not cognizable under Texas habeas review. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). This constitutes an independent and adequate state procedural ground that bars federal review. *Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011) (per curiam). Also, Alvarado has not met either the "cause" or "justice" exception above permitting federal habeas review. (*See* Dkt. 36 at 10-11.) As such, summary judgment on this claim shall be granted.

### III. Ineffective assistance of counsel   Insufficient evidence

Also unpersuasive is Alvarado's objection to the Magistrate Judge's conclusion that habeas relief is not warranted for his ineffective assistance of counsel claim. (Dkt. 34 at 13-17; Dkt. 36 at 3, 6, 11-14.) Specifically, Alvarado argues that his counsel failed to present his version of the facts, failed to file an appeal on his behalf, and failed to call his wife as a witness. (Dkt. 34 at 14.) To demonstrate ineffective assistance of counsel, a petitioner must show that (1) his attorney's performance was objectively deficient and (2) the deficient performance was prejudicial in that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

Here, the Magistrate Judge found that while Alvarado ostensibly disagrees with his counsel's trial strategy, counsel presented a defense that included testimony from Alvarado and a motion to suppress that sought to exclude Alvarado's written confession (Dkt. 34 at 16). *See Strickland*, 466 U.S. at 689 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."). Moreover,

5 / 8

Alvarado does not present any evidence to demonstrate that counsel's representation was deficient or that the state court's application of *Strickland* was unreasonable. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009) ("The federal habeas court must defer to the state court's factual findings unless the petitioner rebuts those findings with clear and convincing evidence."). Furthermore, Alvarado's claim that his counsel was ineffective because he failed to file an appeal is moot given that the Texas Court of Criminal Appeals granted his application to file an out-of-time appeal and he subsequently filed one (Dkt. 34 at 15-17). *See Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000). Also, Alvarado did not raise the claim that his counsel failed to call his wife as a witness on direct appeal or in his state habeas application, which bars federal review. (Dkt. 34 at 17.) And, Alvarado has failed to present evidence to overcome this procedural default. (*See* Dkt. 36 at 3, 6, 11-14.) Accordingly, Respondent's request for summary judgment on this claim will be granted.

## IV. Actual innocence

Also meritless is Alvarado's objection to the Magistrate Judge's conclusion that habeas relief is warranted for his claim of actual innocence. (Dkt. 34 at 17-18; Dkt. 36 at 10, 14-15.) The Supreme Court has held that a claim of actual innocence, on its own, is not a basis for federal habeas relief because it is not a constitutional claim. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). Instead, as noted above, a claim of actual innocence is a means or a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404. The standard for showing actual innocence is demanding and seldom-met. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). In order to establish actual innocence, a petitioner must demonstrate that it was more likely than not that in light of new and reliable

6 / 8

evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*

Here, as a free-standing actual innocence claim is not a basis for federal habeas relief, the Magistrate Judge considered the claim as a means to overcome the procedural default of Alvarado's other habeas claims. (Dkt. 34 at 18.) However, as noted above, this argument does not succeed either. The Magistrate Judge found that while Alvarado maintains that the complainant recanted her testimony, he does not provide any evidence to support that assertion, such as an affidavit, nor does he present any other new evidence to support his claim of innocence. (*Id.*) Moreover, Alvarado's objections that he did not commit the offense are also conclusory. (*See* Dkt. 36 at 10-11, 14-15.) Consequently, summary judgment on this claim shall be granted.

## Conclusion

The Magistrate Judge's Report and Recommendation (Dkt. 34) is hereby ACCEPTED. Respondent's motion for summary judgment (Dkt. 28) is hereby GRANTED and Alvarado's petition (Dkt. 1) and motion for an attorney (Dkt. 33) are hereby DENIED.[3]

The Clerk of Court is DIRECTED to send a copy of this Order to Petitioner Alvarado via certified mail, return receipt requested. Also, the Clerk is DIRECTED to send a copy of this Order to the Attorney General of the State of Texas on behalf of Respondent William Stephens, Director of the Texas Department of Criminal Justice, Criminal Institutions Division.

---

[3] There is no constitutional right to counsel in federal habeas proceedings. *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir. 2004). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. Here, there are no discovery issues necessitating the assignment of counsel. Moreover, Rule 8(c) requires that counsel be appointed if a habeas petition raises issues that mandate an evidentiary hearing. In the instant case, there are no issues requiring an evidentiary hearing.

7 / 8

IT IS SO ORDERED.

SIGNED this 18th day of August, 2014.

Diana Saldaña
United States District Judge

TRUE COPY I CERTIFY
ATTEST:
DAVID J BRADLEY, Clerk of Court
By _____
                    Deputy Clerk

8 / 8

IN THE SUPREME COURT OF THE

UNITED STATES

TRIAL CASE NO. 2008-CRS-589-D4


JOSÉ ALVARADO, Petitioner pro se

VS.

THE STATE OF TEXAS "et all"


"STATE TRIAL COURT DECISION" "CONVICTION"


"APPENDIX B"

Webb County Courts
DATE   4/06/10
TIME   11:31:16

```
=============================================================================
CASE NUMBER . . . . :  2008CRS000589 D4
PLAINTIFF . . . . . :  STATE OF TEXAS,,,
ADDRESS . . . . . . :
```

PROSECUTING ATTORNEY: THOMSON,PAUL,E,                 PHONE NUMBER: 956-726-40·
ADDRESS . . . . . . :  7128 ROSSON LANE SUITE 5
                       LAREDO                        TX   78041

   VS.

DEFENDANT NAME . . :  ZAMARRIPA-ALVARADO,JOSE,,
S.S.# . . . . . . . :  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   D.O.B. . . . . . 12/12/1970
ADDRESS . . . . . . :  502 GONZALEZ CT
                       LAREDO                        TX   78040
DRIVERS LICENSE # . :  10290520               TX
CASE STATUS . . . . :  Disposed     STATUS DATE . . : 9/10/2008
CASE DISPOSITION . :  Convicted    DISPOSITION DATE : 1/28/2009
ALIAS . . . . . . . :   ALVARADO,JOSE,,
ALIAS . . . . . . . :   ALVARADO-ZAMARRIPA,JOSE,,
ALIAS . . . . . . . :   ZAMARRIPA,JOSE,,
DEFENDANT ATTORNEY :  GALLEGOS,ARTURO,,                PHONE NUMBER: 956-727-28(
ADDRESS . . . . . . :  1814 VICTORIA STREET
                       LAREDO                        TX   78040
COURT APPOINTED . . :  NO           ATTORNEY PRESENT :

OFFENSE . . . . . . :  INDECENCY WITH A CHILD SEXUAL CONTACT    0011D COUNT:
OFFENSE DATE . . . :  (5/15/2007)   OFFENSE # . : 36010001 *impossible date*
JUDGE . . . . . . . :  O.J.Hale     COURT ROOM . . . : 406TH
NEXT COURT DATE . . :  4/06/2010    COURT TIME . . . : 8:30
HEARING TYPE . . . :  Status
PLEA . . . . . . . **Not**: Guilty    ATTEMPT OR COMMIT:
DISPOSITION . . . . :  Convicted    DISPOSITION DATE : 1/28/2009
```

ENTRY/FILING DATE . : (9/10/2008) Indictment Filed *September 10-2008*

ARREST NUMBER . *Never issued* DATE 5-14-2007 May *No indictment or Arrest warrant No Miranda Rights being read*

```
ARRAIGNMENT JUDGE . :  O.J.Hale     ASSIGNMENT DATE :
COMPLAINANT . . . . :  LAREDO POLICE
FILING AGENCY . . . :  LAREDO POLICE DEPARTMENT
ADMIN. TERM. CODE . :              IND. TERM. CODE :
```

```
COURT DATE    TIME   HEARING TYPE      STATUS          STATUS DATE
----------    -----  ------------      ------------    -----------
4/06/2010     8:30   48 Status         O Open          3/09/2010
```

```
ACTIVITY DATE  ACTIVITY TYPE  DESCRIPTION
-------------  -------------  ------------
9/10/2008      File Paprs     ARTICLE 3201
   *IMG* INDICTMENT FILED.
   DEFT IS IN CUSTODY.
```

=====================================================================

CASE NUMBER . . . . : 2008CRS000589 D4
     OFFCR J. GONZALEZ, SGT RENE VENEGAS, OFFCR ADAN HERNANDEZ, OFFCR
     CESAR BENAVIDEZ, DET CARLOS VILLARREAL, YURIDIANA ARANDA, SGT.
     MELANIE VELARDE. NOT LISTED BUT ISSUED ON SABRINA SANCHEZ (SUBPOENAS
     PREPARED BY DA'S OFFICE) CSV


1/22/2009     Notes
     CASE CALLED. JUDGE OSCAR J. HALE, JR. PRESIDING. DEBBIE CAMERON, CR.
     PAUL THOMSON, PRESENT/ST. ARTURO GALLEGOS, PRESENT/ATTY. DEF.
     PRESENT/JAIL. MOTION FOR CONTINUANCE FILED. CASE WAS RESET FOR MTNS
     ON 1/27/09 @ 9:00 A.M. JJI
              File Paprs
     APPLICATION FOR SUBPOENA OF WITNESSES FILED. SUBPOENA ISSUED AS TO
     "CJ" AND VERONICA ALVARADO. JJI
     ORDER/MOTION FOR CONTINUANCE (SIGNED) JJI

1/23/2009     File Paprs    ↓My witness↓
     SUBPOENA EXECUTED ON VERONICA ALVARADO & "CJ"-DOS: 1/22/09 CSV
     STATE SUBPOENAS ISSUED ON OFFCR. J. GONZALEZ, DET CARLOS VILLARREAL
     & YURIDIANA ARANDA. CSV
     DEFENDANT'S ELECTION AS TO PUNISHMENT, MOTION FOR NOTICE AND WRITTEN
     SUMMARY OF HEARSAY STATEMENT AND MOTION FOR HEARING PURSUANT TO
     ARTICLE 38.072, MOTION TO SUPPRESS, MOTION FOR DEFENDANT TO APPEAR
     IN PERSONAL CLOTHING AND WITHOUT RESTRAINTS FILED. CSV


1/27/2009     File Paprs
     SUBPOENAS EXECUTED ON DET CARLOS VILLARREAL; YURIDIANA ARANDA AND
     OFFCR J. GONZALEZ (DOS: 1/26/09) CSV
              Notes
     CASE CALLED. JUDGE OSCAR HALE PRESIDING. DEBBIE CAMERON CRT REPORTER.
     PAUL THOMSON PRESENT FOR STATE. ARTURO GALLEGOS PRESENT WITH DEFT
     & IN CUSTODY. WITNESSES SWORN IN & TESTIFIED. COURT HEARING TESTIMONY
     & ARGUMENTS DENIED MOTION TO SUPPRESS. DEFT WAIVED HIS RIGHT TO JURY
     TRIAL. ORDER SIGNED IN OPEN COURT. MR. VICENTE MENDOZA CRT
     INTERPRETERBENCH TRIAL TO BEGIN ON 1/28/09 AT 9:00 A.M. CSV
              File Paprs
     WAIVER OF RIGHT TO JURY TRIAL FILED. CSV
     *IMG* ORDER-WAIVER OF RIGHT TO JURY TRIAL (SIGNED-1/27/09) CSV
     AFFIDAVIT FILED. CSV

1/28/2009     File Paprs
     *IMG* TRIAL COURT MOTION TO SUPPRESS FINDING (SIGNED-1/28/09) CSV
     *IMG* TRIAL COURT OUTCRY WITNESS FINDING (SIGNED-1/28/09) CSV
              Notes
     CASE CALLED. JUDGE OSCAR HALE PRESIDING. DEBBIE CAMERON CRT REPORTER.
     PAUL THOMSON PRESENT FOR STATE. ARTURO GALLEGOS PRESENT WITH DEFT
     & IN CUSTODY. MR. VICENTE MENDOZA CRT INTERPRETER. INDICTMENT READ
     & DEFT PLEAD NOT GUILTY. WITNESSES SWORN IN & TESTIFIED. MOTION TO
     INVOKE RULE GRANTED. STATE RESTED AT 11:21 A.M. AND TO RETURN ON
     1:15 P.M. COURT RESUMED AT 1:45 P.M. DEFT SWORN IN & TESTIFIED.
     DEFENSE RESTS AT 2:37 P.M. STATE & DEFENSE CLOSED AT 2:37 P.M.
     CLOSINGARGUMENTS BY STATE AT 3:06 P.M. & DEFENSE AT 3:08 P.M. COURT
     HEARING  TESTIMONY & ARGUMENTS FOUND DEFT GUILTY. BRIEF ARGUMENT BY

==============================================================================

CASE NUMBER . . . . : 2008CRS000589 D4

9/12/2008        File Paprs
      WRITS ISSUED. CSV

9/22/2008        File Paprs
      WRIT OF INDICTMENT EXECUTED (DOS: 9/17/08) CSV  *Late indictment 474 days 16 months deadline*

10/22/2008       File Paprs
      CASE CALLED. JUDGE OSCAR J. HALE, JR. PRESIDING. DEBBIE CAMERON,
      CR. PAUL THOMSON, PRESENT/ST. ARTURO GALLEGOS, PRESENT/ATTY. DEFT
      PRESENT/JAIL. CASE WAS RESET FOR POSSIBLE PLEA 11/06/08 @ 10:00 A.M.
      JJI
      ORDER SETTING DEADLINES, *No indictment* PRE-TRIAL DATES AND JURY SELECTION;
      DISCOVERY ORDER FILED. JJI
      pretrial dates and discovery order faxed to atty Oscar O. Pena.
      rmm.

11/06/2008       Notes
      CASE CALLED. JUDGE OSCAR J. HALE, JR. PRESIDING. DEBBIE CAMERON,
      CR. PAUL THOMSON, PRESENT/ST. ARTURO GALLEGOS, PRESENT/ATTY. DEFT.,
      PRESENT/JAIL. CASE WAS RESET FOR 11/13/08 @ 10:00 A.M. COURT INFORMED
      BOTH DEFENSE AND STATE THAT HE WILL ONLY TAKE THE PLEA IF DEFENDANT
      TAKES A POLYGRAPH TEST. JJI
                   File Paprs
      ORDER SETTING DEADLINES, PRE-TRIAL DATES AND JURY SELECTION;
      DISCOVERY ORDER FILED. JJI

12/11/2008       Notes
      CASE CALLED. JUDGE OSCAR HALE PRESIDING. VICENTE MENDOZA CRT
      REPORTER. RICK LOPEZ PRESENT FOR STATE. ARTURO GALLEGOS PRESENT WITH
      DEFT & IN CUSTODY. MR. ALBERT LONG CRT INTERPRETER. COURT ADVISED
      DEFT WITHDREW PLEA. NEW DATES GIVEN: MOTION DEADLINE-1/10/09,
      PRETRIALON 1/22/09 & JURY SELECTION ON 1/26/09 AT 8:30 A.M. CSV
                   File Paprs
      LETTER FROM JOE RUBIO DISTRICT ATTORNEY TO HON. JUDGE OSCAR HALE.
      CSV

12/23/2008       File Paprs
      STATE'S MOTION FOR DISCLOSURE OF DEFENDANT'S EXPERT WITNESSES
      FILED.

1/07/2009        File Paprs
      STATE'S WITNESS LIST, STATE'S NOTICE DESIGNATING EXPERT WITNESSES,
      STATE NOTICE OF INTENT TO USE CHILD ABUSE VICTIM'S HEARSAY STATEMENT,
      STATE'S NOTICE OF INTENT TO USE CHILD ABUSE VICTIM'S HEARSAY
      STATEMENT FILED. CSV

1/14/2009        File Paprs
      STATE'S AMENDED WITNESS LIST. CSV

1/21/2009        File Paprs
      STATE SUBPOENAS ISSUED ON "CJ", VERONICA ALVARADO, DORA QUIJANO,

======================================================================
CASE NUMBER . . . . : 2008CRS000589 D4
     STATE AT 3:17 & DEFENSE AT 3:20 P.M. COURT SENTENCED DEFT TO 11 YEARS
     TO SERVE. CREDIT FOR TIME SERVED. $611.00 COURT COST. CSV.
-------------------------Case Assgn----------------------------------------
     Court date/time: 1/28/2009 - 8:30
     Reassignment of court date/time.
     Offense: INDECENCY WITH A CHILD SEXUAL CONTACT
              Court Sent
     Sentence entered as 11 YRS TDCJ/ID
     Offense: INDECENCY WITH A CHILD SEXUAL CONTACT
     For JOSE ZAMARRIPA-ALVARADO
              Dispositn
     Disposition entered as   310.
     Disposition code   310: Convicted
     For JOSE ZAMARRIPA-ALVARADO
              Hearing
     Hearing Type entered as     5.
     Hearing Type code     5: Sentencing
     Offense: INDECENCY WITH A CHILD SEXUAL CONTACT

  2/09/2009     File Paprs
     STATEMENT OF FACT FILED. CSV

  2/10/2009     File Paprs
     *IMG* JUDGMENT OF CONVICTION BY COURT; SENTENCE TO INSTITUTIONAL
     DIVISION, TDCJ (SIGNED-2/10/09) CSV
     RAP SHEET FILED CSV

  2/11/2009     File Paprs
     *IMG* ORDER (INMATE TRUST ACCOUNT), SUPPLEMENTAL ORDER AND BILL OF
     COST. SIGNED-2/11/09
     $621.00CC/$350.00 ATTYS FEES. TOTAL: $971.00 (ERG)

  2/26/2009     File Paprs
     MOTION TO WITHDRAW AS COUNSEL/ORDER FOR SETTING/ORDER FILED. JJI

  3/02/2009     File Paprs
     *IMG* 1st AMENDED JUDGMENT OF CONVICTION BY CRT; SENTENCE TO
     INSTITUTIONAL DIVISION, TDCJ (SIGNED-2/28/09) (ERG)
     ***CERTIFIED COPY MAILED TO TDCJ***

  9/02/2009     File Paprs
     *IMG* APPLICATION FOR A WRIT OF HABAES CORPUS SEEKING RELIEF FROM
     FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ART. 11.07
     (ERG)
     ***WRIT DUE BY 10/06/2009***
     ***2008CRS589-D4 (A)

  9/04/2009     File Paprs
     WRIT MAILED BY CERTIFIED RETURN REQUESTED TO D.A.'S OFFICE. (ERG)
              Case Assgn
     Court date/time: 1/28/2009  8:30    Hearing Type:    5 Sentencing
     Status changed from Open        to Held

Webb County Courts                                                    PAGE
DATE    4/06/10                                                       MC0250
TIME    11:31:16                                                      PDLM
====================================================================
CASE NUMBER . . . . . : 2008CRS000589 D4
                File Paprs
        *IMG* DOCKET SHEET
        ***CLERK DELETED CASE BY MISTAKE*** (ERG)

  9/30/2009      File Paprs
        COPY OF ORDER (INMATE) MAILED TO LYNN CLARK, GENERAL COUNCIL AND
        DEFT. (ERG)

 10/06/2009      File Paprs
        AFFIDAVIT FILED.CSV

 11/30/2009      File Paprs
        CLERK'S RECORD MAILED TO CRIMINAL COURT OF APPEALS-AUSTIN (ERG)

 1/19/2010      File Paprs
        *IMG* ORDER FROM COURT OF APPEALS FILED.CSV

 3/09/2010      File Paprs
        *IMG* ORDER-COURT OF APPEALS FILED.CSV
        *IMG* TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT TO APPEAL
        (SIGNED 1/26/10)CSV
                Case Assgn
        Court date/time: 4/06/2010  8:30      Hearing Type:   48 Status
        Assignment of court date/time.
        Status entered as Open
                NotofHear
        Notice setting case for April 06, 2010 sent to DA's and to Atty
        Arturo Gallegos via fax.rmm
                File Paprs
        NOTICE OF SETTING FILED.  JJI

VOLUME 7

this offense. And as far as what the appropriate sentence should be, I do realize that the State had offered two years and then three years. You know, at that initial stage, the Court doesn't -- is not aware of all the facts. It's not until the witnesses testify and -- you know, including yourself, in this case, and, obviously, it's a serious offense.

Now, I don't know what the proper sentence should be, but I think I'm going to send a message, and something that will make you remember this act that you committed to an innocent 11-year-old girl. And so you will remember how old this person was when you committed the offense, I'm going to assess punishment at 11 years to serve, and I'm going to ask that before I pronounce sentence and remand you to the custody of the Sheriff's Department, if there's anything you wish to say, you have an opportunity to say that at this time. Anything you want to say, sir?

THE DEFENDANT: (Via Interpreter) Yes. That I do not feel myself guilty. And as my wife promised to me, that she was going to do this to me because she was enraged against me. And she also counseled the girl. I do not feel guilty. And only they know. This is not the first time that they get me into trouble. Problems. But it had not been this much. I've been around a lot of young girls, and I have a lot of family, nephews and nieces, and I have done nothing to

anyone.

THE COURT: Is that all?

THE DEFENDANT: (Via Interpreter) I would have wanted for my lady, the only witness that I had, for her to defend me. (The Court misunderstands) inpreter did not corrected it.

THE COURT: Is that the one you say that was going to exonerate you, or that, rather, the one that you said was going to pay you back? Let me ask you, just to follow your thinking there or -- at what point did your wife say that to you? Before or after you spanked or touched or grabbed the victim in this case?

THE DEFENDANT: (Via Interpreter) When she came to visit me, she said that she knew how the girl was; that she was in problems. And, well, I told her, Well, I don't feel guilty. Just simply bring the girl to come and tell the truth. Because if they say one thing, both of them, but it's not true, I do not feel guilty. I would have run, but I surrendered myself. I do not feel guilty for a spanking that I gave her only. as her father I am her stepfather, correction.

THE COURT: Well --

THE DEFENDANT: (Via Interpreter) That's your decision. I accept whatever you give me. But be considerate, also.

THE COURT: Just for the record, again, obviously, you had all of your rights afforded to you. You

had a right to an attorney. You had an attorney appointed to you to represent you. You had a right to have a jury trial. You waived that right. You had a right to confront witnesses against you, as you requested, and that happened. You had the witness and the victim here present, so both of you can see the witness or victim here and so that you could question her through your attorney. And, again, if you were to look closely at your testimony, even at the statements that you made right now, there are a lot of contradictions in what you say. And, again, if there's nothing else, then, at this time, the Court, having found you guilty of the offense of indecency with a child by contact, Felony 2, as alleged in the indictment, the Court has assessed a sentence of 11 years to serve, and at this time, I'm pronouncing sentence and -- or remanding you to the custody of the Sheriff's Department so that you can continue -- or continue serving. You will be given credit for any time that you've served, so you'll *625 days credit* continue serving your sentence of 11 years in the Institutional Division of the State of Texas. Good luck to you, sir. We'll stand in recess.

THE BAILIFF: All rise, please.

(Bench trial concluded)

\* \* \* \* \*

IN THE SUPREME COURT OF THE

UNITED STATES

TRIAL CASE NO. 2008-CRS-589-04


JOSÉ ALVARADO, PETITIONER Pro Se,

VS.

THE STATE OF TEXAS, "et all".



"STATE COURT OF CRIMINAL APPEALS DENYING REVIEW"
"IGNORING AN ORDER"





"APPENDIX C"

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

$ 00.26⁵ NOV 19 2014

11/19/2014
ALVARADO, JOSE ZAMARRIPA   Tr.Ct.No.2008CRS589-D4(B) WR-73,133-03
The Court has dismissed without written order this subsequent application for a writ
of habeas corpus. TEX. CODE CRIM. PROC. Art. 11.07, Sec. 4(a)-(c).
Abel Acosta, Clerk

I received 11-26th-2014

JOSE ZAMARRIPA ALVARADO
RAMSEY I UNIT - TDC #1565198
1100 FM 655
ROSHARON, TX 77583

I placed in a Memorandum of law
stating opportunity for full litigation
in the Memorandum (review was denied) e.g. APP.A.
this case should be reversed or retried
to ensure the accuracy of the verdict and the
system of justice. "Wrongful Conviction"
Response e.g. APP.F.

---

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

$ 000.27⁵ JUN 12 2015

6/10/2015
ALVARADO, JOSE ZAMARRIPA   Tr.Ct. No. 2008CRS589-D4(C)WR-73,133-04
The Court has dismissed without written order this subsequent application for a writ
of habeas corpus. TEX. CODE CRIM. PROC. Art. 11.07, Sec. 4(a)-(c).
Abel Acosta, Clerk

JOSE ZAMARRIPA ALVARADO
RAMSEY I UNIT - TDC #1565198
1100 FM 655
ROSHARON, TX 77583

UPDATED
I placed in the Application
stating "Fifth Circuit Court's opportunity
for full and fair litigation in the Application
(review was denied) Court's failure to review
will result in a fundamental Miscarriage of
Justice. e.g. APP.A.

IN THE SUPREME COURT OF THE

UNITED STATES

TRIAL CASE NO. 2008-CRS-589-04

JOSÉ ALVARADO, PETITIONER Pro Se,

VS.

THE STATE OF TEXAS, "et all".

"MANDATE GRANTING OUT-OF-TIME APPEAL".

"APPENDIX D"





# TEXAS COURT OF CRIMINAL APPEALS
## Austin, Texas

# M A N D A T E

THE STATE OF TEXAS,

TO THE  **406TH DISTRICT COURT OF WEBB COUNTY**  — GREETINGS:

Before our **COURT OF CRIMINAL APPEALS**, on the **JUNE 16, 2010**, the cause upon an Application for Writ of Habeas Corpus styled:

## EX PARTE JOSE ZAMARRIPA ALVARADO

CCRA No. **AP-76,365**

Tr. Crt. No. **2008CRS589-D4(A)**

was determined; and therein our said **COURT OF CRIMINAL APPEALS** made its order in these words: "This cause came on to be heard on the Application for Writ of Habeas Corpus, and the same being considered, because it is the Opinion of this Court that the relief prayed for should be Granted, it is **ORDERED, ADJUDGED AND DECREED** that an **out-of time appeal** is **GRANTED**, in accordance with the Opinion of this Court, and that this Decision be certified below for Observance."

WHEREFORE, We command you to observe the order of our said **COURT OF CRIMINAL APPEALS** in this behalf and in all things have it duly recognized, obeyed and executed.

WITNESS, **THE HONORABLE SHARON KELLER**, Presiding Judge

of our said **COURT OF CRIMINAL APPEALS**,

with the Seal thereof annexed, at the City of Austin,

on this day **July 12, 2010**.

LOUISE PEARSON, Clerk

_____, Chief Deputy Clerk

Abel Acosta

IN THE SUPREME COURT OF THE

UNITED STATES

TRIAL CASE NO. 2008-CRS-589-D4

JOSÉ ALVARADO, PETITIONER Pro Se,

VS.

THE STATE OF TEXAS, et all.

"DIRECT APPEAL"

"EIGHTH COURT OF APPEALS AFFIRMING CASE"

"APPENDIX E"

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

JOSE ZAMARRIPA ALVARADO,

    Appellant,

v.

THE STATE OF TEXAS,

    Appellee.

No. 08-10-00211-CR

Appeal from the

406th District Court

of Webb County, Texas

(TC# 2008-CRS-000589)

## OPINION

In a bench trial, Appellant, Jose Zamarripa Alvarado, was found guilty of indecency with a child by contact and was sentenced to confinement for eleven years. On appeal, Appellant contends that trial counsel rendered ineffective assistance and that the evidence presented in the guilt-innocence phase of trial was legally insufficient to support his conviction. We affirm.

## BACKGROUND

By indictment, Appellant was charged with indecency with a child by contact. The complainant was C.J., the eleven-year old daughter of Appellant's wife.

At trial, C.J. testified that Appellant, her mother, and her two sisters slept on two mattresses in one room. Appellant and C.J.'s mother slept on one mattress, and C.J. and her sisters slept on the other mattress, which was separated from the adults' bed. C.J.'s mother always slept closest to her daughters' mattress, and C.J. always slept closest to her mother. On or about April 1, 2007, C.J. went to bed with her clothes on, including underwear, blue jeans, and a blouse. C.J. awoke in the night because she saw and felt Appellant using his hand to touch her genitals underneath her underwear. Appellant was in the bed where C.J.'s mother usually slept. After waking up to find Appellant

touching her in this way, C.J. moved away from where she was and Appellant left the room for five to ten minutes. Appellant then returned to the adult bed and lay down where he usually slept.

According to Yuridiana de Carmen Aranda, the certified outcry witness from the Children's Advocacy Center of Laredo who interviewed C.J. and testified at trial, C.J. reported that Appellant had unbuttoned C.J.'s pants and touched C.J.'s vagina underneath her underwear with his hand, causing C.J. pain.

Laredo Police Investigator Carlos Villarreal testified that he viewed the video recording of C.J.'s outcry statement and asked Appellant to come to the police station so that he could speak with Appellant about the allegations. After Villarreal advised Appellant of his constitutional rights in English and Spanish, Appellant indicated that he understood his rights, placed his initials next to each of the recited constitutional rights and wrote the word, "Si," in answer to the questions, "Do you understand your rights?" and "Do you elect to waive [your rights] and speak with us at this time?" Within fifteen minutes, Appellant had completed his written statement and was provided an opportunity to review the statement and make any changes or alterations. Appellant's written and signed warnings and voluntary statement were admitted into evidence over the objection of Arturo Gallegos, Appellant's trial counsel. Appellant's confession, which Appellant wrote by hand in Spanish, was read into the record by Villarreal and translated by the trial court's interpreter:

> I, Jose Alvarado, make the following statement: That as [C.J.] accuses me of having touched her private part, I confess that it was so, but without bad intention. It was because of accident. Because my lady, in other words, her mother, was supposed to be in the place that [C.J.] was at. And it was dark. I could not see. And since I'm always touching my lady, I got there and stuck my hand in her. But when I heard her talk, I removed my hand from there. She was not supposed to be in that place. But from there onwards, I tried that it will never happen again, and I never stick my hand into my lady until I am sure that it is her.

Although Appellant attempted to suppress the statement in a pretrial hearing, arguing that it was involuntarily made because he was intoxicated, did not understand his rights, and was not informed of a right to counsel, the trial court had found that Appellant's *Miranda* rights were read to him and that he knowingly, voluntarily, and intelligently waived them, and then ruled that Appellant's statement was admissible in evidence.

Appellant testified both at the suppression hearing and at trial. At trial, Appellant alleged that he did not understand the warnings provided to him before making his statement, that he wrote down what he was told to write at the police station, explained that his definition of "private parts" includes "the breasts, in front on the bottom, and on the back," and declared that he only touched C.J.'s buttocks in the mistaken belief that he was touching his wife. Appellant testified that he spanked C.J. as he routinely and lovingly spanks his wife, and remarked, "If that is touching, yes, I did touch her." As he had at the suppression hearing, Appellant again testified that his statement was involuntarily made and denied any wrongdoing.

At the conclusion of the guilt-innocence phase of the bench trial, the trial court found beyond a reasonable doubt that Appellant was read his *Miranda* rights and knowingly, voluntarily, and intelligently waived them when he consented to provide the voluntary statement that was admitted into evidence, and after taking into consideration all of the evidence that was presented, found Appellant guilty of knowingly engaging in sexual contact with a child. During the punishment phase, the trial court noted that Appellant's statement that he stuck his hand in but removed it when he heard C.J. speak was inconsistent with spanking. The trial court also declared that it took into consideration the appearance and expression of C.J. when she testified and likewise considered the demeanor and manner in which Appellant expressed himself in responding to some of the questions and providing explanations during his testimony. Although the State had offered Appellant plea agreements involving sentences of two years and three years, the trial court sentenced Appellant to eleven years' confinement so that Appellant would "remember this act that [Appellant] committed [upon] an innocent 11-year-old girl" and would remember how old C.J. was when Appellant committed the offense.

## DISCUSSION

### I.

In Issue One, Appellant contends trial counsel was ineffective and prejudiced his defense, thereby depriving him of a fair trial. Appellant specifically complains that Mr. Gallegos rendered ineffective assistance of counsel because: (1) Mr. Gallegos' statements and acts before the trial court in relation to Appellant's refusal to accept the State's plea offers undermined Appellant's presumption

of innocence; (2) Mr. Gallegos failed to file a notice of appeal; (3) Mr. Gallegos placed his own interests above Appellant's right to a fair trial without prejudice; (4) Mr. Gallegos failed to "invoke the rule" during the suppression hearing; (5) Mr. Gallegos failed to object to "numerous leading questions" from the complaining witness; (6) Mr. Gallegos permitted exhibits to be improperly admitted without certified translation thereof; (7) Mr. Gallegos failed to ask for a directed verdict; and (8) Mr. Gallegos failed to argue that the evidence against Appellant was insufficient to support his conviction.

In judging any claim of ineffective assistance of counsel, the benchmark must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We analyze claims of ineffective assistance of counsel under the Sixth Amendment by applying a two-prong test. *Strickland*, 466 U.S. at 686; *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex.Crim.App. 2005). Under this framework, Appellant must prove by preponderance of the evidence that his counsel's performance was deficient and there is a reasonable probability sufficient to undermine confidence in the result that the outcome would have been different but for counsel's deficient performance. *Ex parte Chandler*, 182 S.W.3d at 353, *citing Strickland*, 466 U.S. at 694.

To establish deficient performance under the first prong of *Strickland*, Appellant must show that counsel was not acting as a reasonably competent attorney and that his advice was not within the range of competence demanded of attorneys in criminal cases. *Ex parte Chandler*, 182 S.W.3d at 354, *citing Strickland*, 466 U.S. at 687. Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Thus, Appellant must overcome the presumption that, under the circumstances, counsel's challenged conduct may be considered sound trial strategy. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992), *citing Strickland*, 466 U.S. at 689. While strategic choices made after thorough investigation of law and facts relevant to plausible choices are virtually unchallengeable, counsel's cited strategy does not prevent a reviewing court from determining whether a specific act or omission was outside the wide range of professionally competent assistance. *Id.* We judge the

reasonableness of counsel's performance according to prevailing professional norms which includes an examination of all the facts and circumstances involved in a particular case. *See Strickland*, 466 U.S. at 688, 690.

To meet his burden under the second prong of *Strickland*, Appellant must establish that counsel's constitutionally deficient performance prejudiced his defense; he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ex parte Chandler*, 182 S.W.3d at 354, *citing Strickland*, 466 U.S. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Any constitutionally deficient acts or omissions will be considered in light of the totality of the evidence before the judge or jury when making this determination. *Strickland*, 466 U.S. at 695; *Ex parte Nailor*, 149 S.W.3d 125, 130 (Tex.Crim.App. 2004).

The record on appeal must affirmatively demonstrate trial counsel's alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002). As the Texas Court of Criminal Appeals has repeatedly said, a reviewing court will rarely be able to fairly evaluate the merits of an ineffective-assistance-of-counsel claim on direct appeal because the record on direct appeal is usually undeveloped and inadequately reflective of counsel's reasons for his or her actions at trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex.Crim.App. 2007); *compare Cannon v. State*, 252 S.W.3d 342, 350 (Tex.Crim.App. 2008) (although rare, trial record was sufficient to permit appellate court to decide merits of ineffective-assistance claim). "The lack of a clear record usually will prevent the appellant from meeting the first part of the *Strickland* test, as the reasonableness of counsel's choices and motivations during trial can be proven deficient only through facts that do not normally appear in the appellate record." *Mata*, 226 S.W.3d at 430.

After conducting a thorough review, we find the record before us underdeveloped and silent regarding the motivations underlying counsel's tactical decisions.[1] We find nothing in the record that apprises us of counsel's reasons for his acts or omissions at trial and about which Appellant now complains in this direct appeal. Consequently, Appellant has not overcome the strong presumption that counsel's conduct was reasonable. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). "[C]ollateral attack may be . . . the vehicle by which a thorough and detailed examination of alleged

ineffectiveness may be developed and spread upon a record." *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex.Crim.App. 1980). Issue One is overruled.

## II.

In Issue Two, Appellant contends the evidence was legally insufficient to support his conviction because the State failed to prove beyond a reasonable doubt the essential element of intent. We disagree.

*Standard of Review*

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007). Such a standard not only gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony and to weigh the evidence accordingly, but it also enables the fact finder to draw reasonable inferences from basic to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. Indeed, the trier of fact is the sole judge of the weight and credibility of the evidence, *see Brown v. State*, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), *cert. denied*, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009), and therefore we, in performing our sufficiency review, may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex.Crim.App. 2007). Moreover, we presume that the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

> The indictment charged Appellant with indecency with a child and alleged:
>
> [O]n or about the 1st day of April, A.D., 2007 and anterior to the presentment of this indictment, in the County and State aforesaid, JOSE Z. ALVARADO, did then and there intentionally or knowingly, engage in sexual contact with "C.J.", a child younger than 17 years of age, and not the spouse of JOSE Z. ALVARADO, by touching

"C.J.'s" genitals with his hand, with the intent to arouse or gratify the sexual desire of any person, including his own sexual desire, Against the Peace and Dignity of the State.

Thus, to prove Appellant committed attempted aggravated sexual assault, the State was required to show that on or about April 1, 2007, Appellant intentionally or knowingly touched C.J.'s genitals with his hand with the intent to arouse or gratify his own sexual desire or that of another person and that C.J. was under the age of 17 and was not Appellant's spouse at the time of the offense. TEX. PENAL CODE ANN. § 21.11(a)(1), (b)(1)(West 2011).

A person acts intentionally, or with intent with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in conduct or cause the result. TEX. PENAL CODE ANN. § 6.03(a)(West 2011). Proof of a culpable mental state generally relies upon circumstantial evidence. *Rodriguez v. State*, 793 S.W.2d 744, 748 (Tex.App. – San Antonio 1990, no pet.). Circumstantial evidence of an accused's mental state is not treated differently than circumstantial evidence of other elements and is reviewed under the same standard as direct evidence. *Laster v. State*, 275 S.W.3d 512, 521 (Tex.Crim.App. 2009). Moreover, intent can be inferred from an accused's actions, words, and conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex.Crim.App. 2004); *Maldonado v. State*, 998 S.W.2d 239, 243 (Tex.Crim.App. 1999); *Gallegos v. State*, 340 S.W.3d 797, 802 (Tex.App. – San Antonio 2011, no pet.). An accused's intent is a question of fact to be determined by the fact finder from all the facts and circumstances in evidence. *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex.Crim.App. 1974). The specific intent required in proving indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App. 1981). An oral expression of intent is not required and the conduct itself is sufficient to infer intent. *C.F. v. State*, 897 S.W.2d 464, 472 (Tex.App. – El Paso 1995, no writ).

In his voluntary statement, Appellant admitted that he touched C.J.'s "private part" but stuck his hand in her under the mistaken belief that he was touching his wife and removed his hand when he heard C.J. speak. At trial, Appellant admitted touching C.J.'s buttocks, described the touching as a spanking, denied touching C.J.'s genitals, and claimed the touching was accidental because he believed he was contacting his wife. Rather, Appellant stated that it was not his intention to touch

C.J. as he intended to spank his wife as he did routinely. Appellant denied that he spanked C.J. to satisfy any sexual desire.

C.J. testified that when she awoke, she felt and saw Appellant's hand touching her genitals underneath the blue jeans and underwear that she had worn to bed and that Appellant was located where her mother usually slept. Ms. Aranda, the outcry witness, testified that C.J. cried upon being interviewed, pointed to an anatomical drawing to show that Appellant had touched her vagina, causing her pain, and disclosed that Appellant had unbuttoned the pants she was wearing and touched her under her underwear.

Having viewed this conflicting evidence in the light most favorable to the verdict, we find the trial court's inference of intent from the evidence is reasonable based upon the combined and cumulative force of all the evidence, and we conclude that any rational trier of fact could have found the essential element of intent beyond a reasonable doubt. *Hooper*, 214 S.W.3d at 16–17; *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


January 18, 2012                                    GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

---

[1] Appellant's brief includes an affidavit that is not contained in either the clerk's record or the reporter's record, the two components which comprise the appellate record. TEX. R. APP. P. 34.1. We may not consider factual assertions that are outside the record, nor may a party circumvent this prohibition by submitting an affidavit for the first time on appeal. *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex.Crim.App. 2004).

IN THE SUPREME COURT OF THE

UNITED STATES

TRIAL CASE NO. 2008-CRS-589-D4


JOSÉ ALVARADO, PETITIONER Pro Se.

VS.

THE STATE OF TEXAS, "et all."


RESPONSE TO APPLICATION 11.07 Pro Se
"STATES RESPONSE DENYING REVIEW, IGNORING AN ORDER"


"APPENDIX F"

NO. WR-73,133-03

TRIAL COURT NO. 2008-CRS-000589 D4 (C)

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| JOSE ALVARADO ZAMARRIPA | § | 406th JUDICIAL DISTRICT |
| | § | |
| APPLICANT | § | WEBB COUNTY, TEXAS |

## STATE'S RESPONSE TO THE SUBSEQUENT APPLICATION FOR A WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF THE 406TH DISTRICT COURT AND THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

NOW COMES THE STATE, by and through her undersigned Assistant District Attorney, and files this response to the subsequent application for a writ of habeas corpus filed by Jose Alvarado Zamarripa ("Applicant"), and would respectfully show the Court as follows:

## I. FACTS

The Applicant was convicted of indecency with a child by contact. He admitted to penetrating an 11-year old girl but claimed that he thought the girl was his wife. *Alvarado v. State*, No. 08-10-00211-CR, 2012 WL 150957, 2012 Tex. App. LEXIS 381, *3, *5 (Tex. App.—El Paso 2012). After a bench trial, he was convicted and sentenced to eleven years of incarceration; in imposing that sentence, the Court aimed to ensure that, as the Applicant would ruminate over his

## II. GENERAL DENIAL

The State generally denies any and all allegations in the Application. Additionally, the State would further respond with specific denials as follows:

(*I will prove it in a new trial with the "truth"*)

## III. APPLICATION IS BARRED FOR FAILURE TO SHOW CAUSE WHY GROUNDS COULD NOT HAVE BEEN RAISED IN A PREVIOUS APPLICATION

Article 11.07, section 4(a) of the Code of Criminal Procedure prohibits review of subsequent applications for writ of habeas corpus except in limited circumstances. The applicant must establish one of the following exceptions:

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the application filed the previous application; or

(2) by a preponderance of evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. art. 11.07, § 4(a); *Ex parte Brooks*, 219 S.W.3d 396, 399 (Tex. Crim. App. 2007). The Applicant must therefore show why "the factual or legal basis for the claim was unavailable on the date the application filed the previous application" or that there are "sufficient specific facts establishing by a

| | |
|---|---|
| Ground Four: "I believe [I made the] Detective mad when I [hid] but this is just a personal problem [between him] and me when he arrested me I told him 'The truth is going to come to the light' someday" (p. 9). | Ground Four: "The main problem is that, the investigator Villarreal arrested him in retaliation. Investigator lied under oath in court because [he] denied [it] to be true, but Petitioner can prove it." (p. 12). |
| Ground Five: "I told my counsel that I can prove that confession doesn't have any value[,] it was a trade for my Driver's License with [Detective] Carlos V. on May 8, 2007. I signed the invented confession in exchange for my D.L. ...." (p. 10). | Ground Five: "Later, [the] investigator made a deal with Petitioner (driver's license for a confession)[.] Petitioner invented a false statement to please the investigator and stop the harassments from investigator's people."[2] (p. 14). |
| See above. | Ground Six: "Petitioner made a false confession because investigator promised to stop the harassment[.] After investigator obtained the confession, he sent the people in his [conspiracy] to ... [coerce] Petitioner's wife into his scheme plot." (p. 16). |
| See above. | Ground Seven: "A police detective Villarreal unlawfully obtained by force a false, and invented statement from Petitioner..." (p. 17) |
| See above. | Ground Eight: "Petitioner explained his innocence and gave [counsel] all the [Petitioner's version of the] facts of the case and witnesses on his behalf and how the false confession was obtained..." (p. 18) |

As to Applicant's ninth ground, asserting ineffective assistance of counsel (IAC) on appeal, the State would further assert that Applicant's second writ

_____

[2] Petitioner goes on to accuse the investigator of stealing his identity, "surely to use or sell it." (New Application, p. 14)

Ground Two is a speedy trial claim in which Applicant states that he was "confined and deprived of life in Webb County jail from May 14, 2007, to September 17, 2008. And no complaints, indictment or information was presented [until September 2008]." (Third Application, p. 8). Appellant has not alleged that he ever requested a speedy trial before he was tried, and as such, has waived the issue and cannot obtain relief. *See Hartfield v. Thaler*, 403 S.W.3d 234, 239-40 (Tex. Crim. App. 2013).

Ground Three claims that Applicant's conviction was "obtained by use of extortion and threat" because the detectives allegedly extorted "Petitioner's wife (offered to pay the house rent if she file[d] the restraining order)." This claim does not state a specific legal basis and so does not assert a ground for relief. *Ex parte Hogan*, 556 S.W.2d 352 (Tex. Crim. App. 1977). Further, it is repetitive of the claim denied by the Court of Criminal Appeals in the second application. *See Ex Parte Robertson*, No. WR–37,983–08, 2014 WL 969714 (Tex. Crim. App. Mar. 12, 2014) (not designated for publication) (sanctioning another child molester who made similar repetitive claims).

Ground Four is inexplicably labeled "Trial Court Lacked Authority to Dismiss with Prejudice." The substance of the claim is a repetition of the speedy trial ground and an assertion that the "court should have dismissed the case at the moment, because even on record is not on file the complaint, arrest warrant or any

Finally, Ground Nine contains an assertion that Applicant's appellate attorney was allegedly ineffective because he should have raised an additional ground that there was "no complaints, no arrest warrant, and no indictment in sixteen months of Petitioner's custody"—the same speedy-trial claim as in Grounds Two and Three. In his memorandum, Appellant points only to Federal Rule of Criminal Procedure 34(a) and a series of off-topic cases as justifying his alleged entitlement to reversal. (Memorandum at pp. 19-20). Essentially, Applicant's core argument is based on Article 32.01 of the Code of Criminal Procedure's 180-day limit on pre-indictment custody. If, however, a grand jury has returned an indictment by the time the Article 32.01 claim is made, the court is no longer required to release the defendant from custody. *Griffis v. State*, --- S.W.3d ---, No. 04–12–00237–CR, 2014 WL 1688099 (Tex. App.—San Antonio Apr. 30, 2014) (citing *Ex parte Countryman*, 226 S.W.3d 435, 436–39 (Tex. Crim. App. 2007)); *see Tatum v. State*, 505 S.W.2d 548, 550 (Tex. Crim. App. 1974) (cited by Applicant and yet holding that "Art. 32.01 has no application once an indictment is returned even though it is returned by a grand jury at a subsequent term of court."). Simply put, there is no authority for Appellant's proposition that Article 32.01 would entitle him to release after he has not only been indicted, but also convicted. As such, the Applicant would not be able to demonstrate that, had his appellate

## CERTIFICATE OF SERVICE

On October 6, 2014, a copy of this document was served on the Applicant

at:

      JOSE ALVARADO TDCJ#1565198
      RAMSEY UNIT 1
      1100 FM 655
      ROSHARON, TX 77583-7670

by certified mail, return receipt requested.

                                                  _____
                                                David L. Reuthinger, Jr.

NO. _____

TRIAL COURT NO. 2008-CRS-000589-D4 (D)

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| JOSE ALVARADO ZAMARRIPA | § | 406$^{TH}$ JUDICIAL DISTRICT |
| | § | |
| APPLICANT | § | WEBB COUNTY, TEXAS |

## STATE'S RESPONSE TO THE APPLICATION FOR A WRIT OF HABEAS CORPUS

NOW COMES THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney, and files this response to the application for a writ of habeas corpus filed by Jose Alvarado Zamarripa (hereinafter "Applicant"), and would respectfully show unto the Court as follows:

### I.

### FACTS

On January 28, 2009, a judgment of conviction was entered against Applicant on a charge (I never admitted) of indecency with a child by contact. He admitted to penetrating an 11-year old girl but claimed he thought the girl was his wife. Alvarado v. State, 2012 Tex. App. LEXIS 381, *3, *5 (Tex. App. – Waco 2012). He was sentenced to eleven years' incarceration. He appealed, and the appeal was assigned to the Eighth Court of Appeals, which affirmed the conviction. Id. at *16. He has yet another habeas petition before this Honorable Court. This petition, like those before it, largely raises the issues he urged on appeal. His arguments have been rejected previously and this application should likewise be refused.

## II.

## GENERAL DENIAL

The State generally denies each and every allegation in the Application. Additionally, the State would further respond with the following specific denials:

## III.

## THE APPLICATION IS REPETITIVE
## OF APPLICANT'S EARLIER FILINGS AND SHOULD BE DISMISSED

The Court is requested to take judicial notice of the previous applications for writ of habeas corpus filed by Applicant. The issues raised in Applicant's current filing are the same arguments he has urged in his previous applications, arguments already rejected by this Court.

> **Sec. 4 (a)** If a subsequent application of writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the application filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Tex. Code Crim. Pro. Art. 11.07 §4(a) (2013).

## IV.

As revealed by even a cursory review of the Application, each of the grounds stated by the Applicant are issues that he has raised previously or that he could have raised in one of his previously applications. While he has changed some of his wording, Applicant continues to claim essentially the same grounds:

1.   Unlawful Search and Seizure with Intent to Obtain a False Confession and Use of Perjury to Obtain a Confession;

2.   Conviction Obtained by Use of Unlawful Arrest in Retaliation without Arrest Warrant and Without Miranda Rights being Read;

3.   Defendant in Custody Sixteen Months No Indictment or Information Presented, and Impossible Offense Date;

4.   Effective Assistance of Counsel was Denied at Trial; and

5.   Effective Assistant of Counsel was Denied on Appeal.

Each and every one of these claims was or could have been presented in his previous applications. There is nothing new here. Each of these matters was raised in at trial, in Applicant's appeal, and/or one of his previous applications for writ of habeas corpus.

## V.

Even if one were to charitably assume that Applicant's repackaging of his claims presented an argument not made in one of his previous applications, he may not now make that argument for the first time. It should have been, and under the Code of Criminal Procedure, was required to have been urged in his first application.

> We have previously determined that § 4 was intended "to limit a convicted person to 'one bite at the apple.' " *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex.Crim.App.1997). Interpreting "subsequent applications" under § 4 to include all applications for writs of habeas corpus regarding the same conviction would most effectively achieve the Legislature's objective.

Ex parte Whiteside, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Applicant has not demonstrated why the factual or legal basis for his claim was unavailable previously or that there are "sufficient facts establishing by a preponderance of the evidence that, but

for a constitutional violation, no rational juror would have found Applicant guilty." For that reason, this application, like the previous ones, must fail.

## RESPONSES TO APPLICANT'S INDIVIDUAL GROUNDS

### VI.

Applicant's allegation regarding an unlawful search and seizure is a Fourth Amendment Claim that must be raised on direct appeal and cannot be considered for the first time on habeas. Ex parte Kirby, 492 S.W.2d 579, 581 (Tex. Crim. App. 1973).

### VII.

Likewise, Applicant's allegation that his confession should have been suppressed because, he claims, he was not properly Mirandized may not be considered on habeas. Such a claim must be objected to at trial. If it was not, it is barred on habeas. Ranson v. State, 707 S.W.2d 96 (Tex. Crim. App. 1986).

### VIII.

Nor is there legal merit to Applicant's request for relief based upon his claim that he was confined from May 14, 2007 to September 17, 2008 during which time no complaints, indictment or information was presented. There has been no allegation by Applicant that he requested a speedy trial before he went to trial. Accordingly, he has waived that issue and cannot obtain habeas relief thereby. *See* Hartfield v. Thaler, 403 S.W.3d 234, 239-40 (Tex. Crim. App. 2013).

### IX.

In his fourth ground, Applicant once again alleges ineffective assistance of trial counsel. This allegation was made on appeal and was rejected by the Eighth Court of Appeals because he failed to establish that the allegedly deficient performance of his

attorney prejudiced him or his case. On appeal, Applicant did not make the requisite showings required by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984): "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id.</u> at 686. Additionally, because this ground is simply repetitive of an issue raised on appeal, it should be summarily denied. <u>Ex parte Schuessler</u>, 846 S.W.2d 850 (Tex. Crim. App. 1993).

## X.

Applicant's fifth and final ground is that he received ineffective assistance of counsel on appeal. In essence, Applicant complains that appellate counsel employed his own appellate strategy and urged the issues he thought appropriate, rather than appealing the issues Applicant desired. It is noteworthy that those issues are the same ones he continues to put forth in his applications for habeas relief. Applicant's primary complaint is that appellate counsel failed to advance a speedy-trial claim. Applicant's argument is premised upon the 180-day limit on pre-indictment custody as set forth in Article 32.01 of the Code of Criminal Procedure. However, if an indictment has been returned before an Article 32.01 claim is made, the court is no longer required to release an accused from custody. <u>Ex parte Countryman</u>, 226 S.W.3d 435, 436-39 (Tex. Crim. App. 2007). There is no support for the argument advanced by Applicant that he should be released from custody at this point in time when he has not only been indicted, but has been convicted. Even if his appellate attorney raised this issue, it would not have resulted in his release. The result of the proceeding would have been the same. Accordingly, Applicant's claim

that his appellate counsel was ineffective must fail.  *See* <u>Hernandez v. State</u>, 988 S.W.2d 770, 770 n. 3 (citing <u>Strickland</u>, 466 U.S. 668, 694 (1984).

## XI.

## CONCLUSION

This Court has denied the relief requested by Applicant in previous applications, and this application is nothing more than a repackaging of his prior grounds. As demonstrated above, none of the grounds alleged by Applicant has merit and each should be summarily denied.

WHEREFORE, PREMISES, ARGUMENT AND AUTHORITIES CONSIDERED, the State prays that the Application be refused and that the State have such other and further relief to which it may be justly entitled.

Respectfully submitted,

ISIDRO R. ALANIZ
DISTRICT ATTORNEY
FOR WEBB AND ZAPATA COUNTIES

MICHAEL BUKIEWICZ
ASSISTANT DISTRICT ATTORNEY
State Bar No. 03319900
1110 Victoria Street, Suite 401
Laredo, Texas 78040
956-523-4900
FAX: 956-523-5918
mbukiewicz@webbcountytx.gov

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to the Applicant, Jose Alvarado Zamarripa, #1565198, at TDCJ Ramsey One Unit, 1100 FM 655, Rosharon, Texas 77583, on this _17th_ day of March, 2015, by certified mail, return receipt requested.

MICHAEL BUKIEWICZ